Williams, J.
 

 May the error in using'752 square feet, the incorrect base measurement of the building, for computation of the tax valuation, instead of the true one, 7,520 square feet, be rectified and the correct valuation be put on the auditor’s list and treasurer’s duplicate for the years 1926 to 1930, inclusive?
 

 Section 5571, General Code, provides that the auditor shall correct any “cle'rical errors” which he finds in the valuation, description or quantity of any “tract or lot” in the real property list.
 

 Section 5573, General Code, provides that if the auditor “discovers that
 
 any building
 
 or structure, tract of land, or any lot or
 
 part of either,
 
 has been omitted,
 
 *381
 
 he shall add it to the list of.real property,” and requires further that in such case he shall add to the taxes of the current year the simple taxes of each and every preceding year in which such property has escaped taxation, not exceeding five years. (Italics ours.)
 

 Section 5576, General Code, provides that the “ * * * county auditor, if he ascertains that a mistake was made in the value of an improvement or betterment of real property, or that the true value thereof was omitted, shall return the correct value, having first given notice to the owner or agent thereof, of his intention so to do.”
 

 Sections 2589 and 2590, General Code, provide for deductions of taxes erroneously charged, and for their refunder when paid, but limit the refunder to a period of five years prior to the discovery by the auditor.
 

 Section 2593, General Code, provides for the charging of omitted taxes. It reads as follows: “When the county auditor is satisfied that lots or lands on the tax list or duplicate have not been charged with either the county, township, village, city, or school district tax, he shall charge against it all such omitted tax for the preceding years, not exceeding five years unless in the meantime such lands or lots have changed ownership in which case only the taxes chargeable since the last change of ownership shall be so charged.”
 

 These laws do not relate to the imposition and creation of tax obligations but wholly to the mechanics of tax valuation and enforcement. They are therefore remedial in their nature and require a liberal construction to the end that taxable real estate shall not escape just taxation.
 
 State, ex rel. Poe,
 
 v.
 
 Raine,
 
 47 Ohio St., 447, 454, 25 N. E., 54;
 
 Gager, Treas.,
 
 v.
 
 Prout,
 
 48 Ohio St., 89, 108, 26 N. E., 1013.
 

 Counsel for the defendant in error contend that there was no omission of the building or any part of it
 
 *382
 
 within the meaning of Section 5573, General Code, during the five years involved, but merely an undervaluation or mistake in valuation within the meaning of Section 5576, General Code, and that the auditor has no authority to assess a “back tax” for an undervaluation or a mistake in valuation. Their argument is that the entire building was in fact listed on the tax duplicate and valued and assessed thereon, and that the mistake made in 1925 was in the valuation itself and had nothing to do with the inclusion of the building on the tax list or its subjection to the tax.
 

 If this meaning can be derived from these two sections at all, it is by a strict and narrow construction of them taken apart from all other related sections. These various sections cover both tax additions and refunders. It would be but logical to expect the legislature to treat the correction of an undercharge and overcharge in a similar manner. Obviously to take a few sentences literally and apart may mislead as to the spirit and intent of the law. While, by a broad construction of Section 5573, General Code, taken alone, it would seem that the omission of part of a building may be cured by adding the omitted part; yet all the sections referred to are
 
 in pari materia
 
 and must be construed together. When this course is pursued it is evident that a curable omission in valuation of a building is one which results from an error which is clerical and not fundamental; if fundamental there is no omitted property which may be supplied. In the latter case the valuation is in the exact amount that the taxing authorities intended. A change of valuation wrong fundamentally, would result, not in a corrected valuation, but in a new one.
 
 State, ex rel. Sisters of Notre Dame,
 
 v.
 
 Commissioners of Montgomery County,
 
 31 Ohio St., 271;
 
 State, ex rel. Poe,
 
 v.
 
 Raine, supra; State, ex rel. Pulskamp,
 
 v.
 
 Commissioners of Mercer County,
 
 119 Ohio St., 504, 164 N. E., 755; 38
 
 *383
 
 Ohio Jurisprudence, 1035, Section 253. Where a clerical error in computation results in a wrong or mistaken valuation which is not in accord with the universal class formula adopted for its determination, there is an omission of part of a building from the tax list and duplicate and the omitted part may be added. Any other construction would not be in accord with the policy of our law that no taxable real property should escape just taxation.
 

 The error involved in the instant case was the omission of a cipher on the right of the number of square feet in the building at its base in the process of calculation so that the valuation arrived at was reduced accordingly in applying the formula. The result was that nine-tenths of the building escaped taxation through omission from the tax list' and duplicate. It thus appears that the error was not fundamental, involving judgment and discretion, but was merely clerical in character. If the kindred statutory provisions are construed liberally to ascertain the intent of the legislature the logical conclusion is that it is the duty of the auditor to add to the list of real property a part of a building omitted through a clerical error of the kind involved here.
 

 As the duty rests on the auditor to correct the error and add the omitted part of the real property, to such list, this court reverses the judgments of the courts below, and entering the judgment that the Common Pleas Court should have entered on, the finding of facts dismisses the petition and dissolves the injunction.
 

 Judgment reversed.
 

 Weygandt, C. J., Jones and Day, JJ., concur.
 

 Stephenson, Matthias and Zimmerman, JJ., dissent.