CLEVELAND MUNICIPAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE;
ROYAL FINANCING, LLC, APPELLANT, *v.* CUYAHOGA COUNTY BOARD
OF REVISION ET AL., APPELLEES.

[Cite as *Cleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* 105 Ohio St.3d 404, 2005-Ohio-2285.]

(No. 2003–0804—Submitted January 12, 2005—Decided May 25, 2005.)

**Lanzinger, J.**

{¶ 1} The question presented by this appeal is whether the Cuyahoga County Board of Revision ("BOR") had jurisdiction over a complaint filed on June 27, 2000, to revise property valuations for a Cleveland office building for the tax years 1997 and 1998. We conclude that it did not. There is no statutory provision for such a complaint; appellant's proposed extension of *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 87 Ohio St.3d 305, 720 N.E.2d 517, to claim a continuation of an earlier complaint is unwarranted; and miscommunication of the type seen here can instead be resolved if county boards of revision and the Board of Tax Appeals ("BTA") specify the years covered by their orders.

## I. Background

{¶ 2} This case must be considered in the context of a series of statutes governing administrative bodies involved in real estate taxation. The Tax Commissioner is charged with the duty of ordering all real property in each county to be appraised once every six years. This is usually referred to as the sexennial appraisal. R.C. 5715.33. The actual appraisal of the real property in each county is the county auditor's duty. R.C. 5713.01. In addition to the sexennial appraisal, values are adjusted by the county auditor in the third year between the sexennial appraisals. R.C. 5715.24. This interim adjustment is usually referred to as the triennial update.

{¶ 3} A taxpayer who believes that his or her property has been wrongly valued may file a real-property-valuation complaint with the county board of revision. R.C. 5715.19. The county board of revision hears the complaint and determines the value of the property. A property owner dissatisfied with the value determined by the county board of revision may appeal to the BTA. R.C. 5717.01. In turn, BTA decisions may be appealed directly to this court, as a matter of right. R.C. 5717.04.

{¶ 4} The appellant here, Royal Financing, LLC ("Royal"), is the current owner of an office building in Cleveland, Ohio. The previous owner, the Cleveland Citizens Building Limited Liability Company, had filed an earlier complaint for tax year 1994. After the BOR upheld the auditor's valuation of the property under the 1994 complaint, the owner appealed to the BTA. While the appeal was pending, the parties stipulated that the true value of the property was $2,650,000. On January 30, 1998, the BTA ordered the Cuyahoga County Auditor to correct

his tax records to reflect the stipulated value, which was to "be carried forward according to law." No specific tax years were identified in the BTA's order.

{¶ 5} More than two years later, on April 18, 2000, the Cuyahoga County Auditor notified the previous owner that, as the result of a review of the BTA's decision, the market value of the property had been revised from $6,200,000 to $3,800,000 for tax years 1997 through 1999. The auditor's letter stated that the tax amount would be adjusted through a revised bill for the second-half tax collection.

{¶ 6} Royal first became involved with the tax situation after it became an owner. On June 27, 2000, it filed a complaint with the BOR claiming that the true value was lower, i.e., $2,200,000, for tax years 1997 through 1999.[1] The Cleveland Municipal School District Board of Education filed a countercomplaint proffering the auditor's $3,800,000 assessment as the true property value.

{¶ 7} The BOR held a hearing on the dispute and determined the true value of the property for tax year 1997 to be $3,000,000. The record does not show a decision by the BOR on Royal's complaint for tax years 1998 or 1999. Royal filed appeals for tax years 1997 and 1998, and the board of education appealed the determination for tax year 1997. The board of education also contended that the BOR had no jurisdiction initially to consider Royal's valuation complaint for tax years 1997 and 1998 and so asked the BTA to vacate the BOR's decision and order the auditor to reinstate his valuation.

{¶ 8} The BTA agreed with the board of education and ordered the BOR to dismiss Royal's complaint for tax years 1997 and 1998. It also ordered reinstatement of the auditor's valuations for tax years 1997 and 1998 as set forth in his April 18, 2000 letter. This case is now before this court on an appeal as of right.

## II. Discussion

{¶ 9} The general time requirements for filing a complaint against real-property valuation are set forth in R.C. 5715.19, which provides:[2]

{¶ 10} "(1) Subject to division (A)(2) of this section, a complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year:

{¶ 11} " * * *

---

1. In addition to the complaint under review in this case, a complaint for tax year 1999 was filed by the previous owner and is pending before the BTA.

2. This is the version of R.C. 5715.19 in effect at the time the complaint was filed. 1998 Sub.H.B. No. 694, 147 Ohio Laws, Part III, 5373. The statute was later amended in 2002 by Sub.H.B. 390.

{¶ 12} "(d) The determination of the total valuation or assessment of any parcel that appears on the tax list * * *."

{¶ 13} In summary, R.C. 5715.19(A)(1) requires that a complaint for the current tax year be filed by March 31 of the ensuing year. This means, for example, that if a taxpayer wants to challenge the valuation of real property for tax year 2003, the complaint against the real property valuation must be filed by March 31, 2004.

{¶ 14} Thus, for the BOR to have jurisdiction over a complaint concerning a property valuation for tax year 1997, the complaint had to be filed with the BOR by March 31, 1998. Likewise, a complaint for a 1998 tax year valuation had to be filed with the BOR by March 31, 1999. Royal's June 27, 2000 complaint does not meet the requirements of R.C. 5715.19(A)(1) for the filing of a complaint concerning tax years 1997 and 1998. Nonetheless, Royal contends that the BOR already had continuing jurisdiction over tax years 1997 and 1998 because a complaint regarding the property's valuation had been filed by the previous owner for tax year 1994 but had not been finally determined on appeal to the BTA until January 1998.

{¶ 15} Royal relies on *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision* (1999), 87 Ohio St.3d 305, 720 N.E.2d 517 (referred to as *"Inner City,"* after the name of the property owner), to argue that the BOR had jurisdiction, by virtue of a continuing complaint. This concept arises from R.C. 5715.19(D):

{¶ 16} "If a complaint filed under this section for the current year is not determined by the board [of revision] within the time prescribed for such determination [i.e., 90 days], the complaint and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board. In such case, the original complaint shall continue in effect without further filing by the original taxpayer, the original taxpayer's assignee, or any other person or entity authorized to file a complaint under this section."

{¶ 17} In *Inner City,* the property owner, Inner City Catholic Parishes, Inc., filed a real-property-valuation complaint with the Franklin County Board of Revision for tax year 1993. Although the board of revision granted some reduction, Inner City deemed it insufficient and appealed to the BTA. On August 30, 1996, the BTA granted Inner City a further reduction in value and ordered the auditor "to list and assess the subject property in conformity with this Board's decision and order." Id., 87 Ohio St.3d at 306, 720 N.E.2d 517.

{¶ 18} Based on the BTA's decision, the county sent Inner City a refund for the 1993–1995 triennium, but also sent a bill for tax year 1996 that indicated the value of the property to be the amount originally assessed by the auditor for tax year 1993, plus an increase of five percent. The five percent increase apparently

reflected the amount by which the auditor had increased property values throughout the county as a result of the triennial update under R.C. 5715.24.

{¶ 19} Inner City believed that the 1993 BTA property valuation should have been carried forward for tax year 1996, the first year of the next triennium. On February 5, 1997, it sent a letter, but not a formal complaint, to the Franklin County Board of Revision requesting that the 1993 tax year valuation be continued forward as the value for tax year 1996. The board of revision treated the letter as a continuing complaint from tax year 1993 and held a hearing, eventually finding that the 1996 tax year valuation should have been the reduced 1993 value determined by the BTA plus a five percent increase.

{¶ 20} The Columbus Board of Education appealed to the BTA, which vacated the board of revision's decision and reinstated the auditor's valuation, holding that the August 30, 1996 decision had become conclusive to all parties after the appeal time had run without the filing of a new formal complaint. On appeal to this court, Inner City contended that its complaint was covered by the continuing-complaint provision of R.C. 5715.19(D) that gave the board of revision jurisdiction to adjust the property valuation for 1996. The board of education, on the other hand, contended that Inner City was required to file a new complaint to contest the 1996 valuation.

{¶ 21} This court concluded that R.C. 5715.19(D) continued the complaint into the determination year. Because the 1993 complaint was determined by the BTA on August 30, 1996, we held that the complaint continued to be valid for the remainder of 1996 and that the taxpayer was not required to file a fresh complaint to contest the BTA's valuation for tax year 1996. We noted, "The auditor should have automatically carried over the 1993 value determined in 1996 by the BTA for tax year 1996." Id., 87 Ohio St.3d at 307, 720 N.E.2d 517.

### III. Conclusion

{¶ 22} Our holding in *Inner City* does not require reversal of the BTA's dismissal of Royal's June 27, 2000 complaint. Under the continuing-complaint provisions of R.C. 5715.19(D) as interpreted by *Inner City*, the property owner already had a continuing complaint pending for the tax year 1996, the tax year in which it contested the renewal of the original valuation. The property owner sought merely to preserve the lower valuation it had obtained from the BTA; it did not seek to further reduce that valuation.

{¶ 23} Here, in contrast, Royal's complaint did not seek to maintain the $2,650,000 valuation that had been agreed to by the previous owner and the other parties and ordered by the BTA; the complaint sought to further reduce the valuation to $2,200,000. The complaint as filed by Royal on June 27, 2000, was a new complaint seeking a new value and, as previously noted, was not filed within

the statutory time limit. However, dismissal of this complaint does not mean that the continuing complaints for 1997 and 1998 have been resolved by the BOR. As shown in *Inner City*, the property owner need not file a new complaint to seek enforcement of the BTA's order concerning valuation. A letter calling the board of revision's attention to the fact that the auditor has not complied with the BTA's order is sufficient. The continuing complaints for 1997 and 1998 remain open until the auditor has complied with the January 30, 1998 order of the BTA.

{¶ 24} As this case shows, problems under R.C. 5715.19(D) can easily arise when general language regarding real estate valuation is directed to the county auditor with the words "to be carried forward according to law." This language can leave the parties and the auditor confused over the exact years to which the decision applies. See *Oberlin Manor Ltd. v. Lorain Cty. Bd. of Revision* (1994), 69 Ohio St.3d 1, 629 N.E.2d 1361. If the boards of revision and the BTA would specify the years covered by their orders to the auditor and other county officials, the miscommunication we see here could be avoided.

{¶ 25} In summary, we affirm the part of the Board of Tax Appeal's decision that grants the motion to dismiss Royal's June 27, 2000 complaint as being reasonable and lawful. However, we vacate the part of the Board of Tax Appeal's decision that orders the auditor to reinstate the values set forth in his April 18, 2000 letter, for the board of revision has not yet determined the property's correct value. Until the board of revision does so, it would be premature to order the auditor to determine a valuation. See R.C. 5717.03.

Decision affirmed in part
and vacated in part.

Moyer, C.J., Resnick, Pfeifer, Lundberg Stratton, O'Connor and O'Donnell, JJ., concur.

---

Britton, Smith, Peters & Kalail Co., L.P.A., Karrie M. Kalail, David H. Seed, and David A. Rose, for appellee Cleveland Municipal School District Board of Education.

Rich, Crites & Wesp and Jeffrey A. Rich, for appellant.