OPINION
{¶ 1} This is an appeal by plaintiff-appellant, IBM Corporation, from a judgment of the Franklin County Court of Common Pleas affirming orders of the Franklin County Board of Revision ("BOR"), which left unchanged the taxable value assigned by the Franklin County Auditor ("auditor") to property owned by appellant for tax years 2000, 2001, and 2002.
 {¶ 2} Appellant is the owner of Parcel No. 570-223345, located at 4499 Fisher Road, Columbus, Ohio (hereafter "the property"). The auditor determined the total appraised value of the property to be $12,638,000 for both tax years 2000 and 2001, and $13,269,900 for tax year 2002.
 {¶ 3} In 1999, the city of Columbus granted appellant a tax abatement with respect to the value of improvements to the property, exempting from taxation 60 percent of the value of any new improvements appellant added to the property after 1999. Appellant subsequently made improvements, but the abatement was terminated in 2003, when the promise of new jobs, as a condition of abatement, did not come to fruition after Bank One Corporation, which had entered into an earlier agreement with appellant, informed appellant it was no longer interested in using the property as a data processing facility.
 {¶ 4} On April 29, 2003, the auditor sent appellant a letter, notifying it that the auditor's office had made a clerical error with respect to the tax abatement. More specifically, the auditor informed appellant that the abatement it had received was "for 60% of the increase in value added to the existing building," and that the auditor's office "mistakenly abated 60% of the entire building value instead of 60% of the increase in value." (Emphasis sic.) Because of the error, the auditor informed appellant that its property had been "re-allocated based upon the Enterprise Zone agreement," and, as a result, the auditor's office assessed an additional $539,081.20 to appellant's second half 2002 tax bill. The auditor's letter also stated that appellant "may file an appeal concerning the new valuation with the Franklin County Board of Revision."
 {¶ 5} On June 19, 2003, appellant filed three complaints with the BOR challenging the valuation of the property for tax years 2000, 2001, and 2002, on the basis that "[t]he property's assessed value exceeds its full value for each of the three tax years * * * in which the auditor seeks to change the valuation." In its complaint contesting the valuation for tax year 2001, appellant indicated that improvements in the amount of $25,127,161.97 had been made in the last three years. On June 20, 2003, appellee, the Board of Education for the South-Western City School District ("South-Western"), filed three counter-complaints regarding tax years 2000, 2001, and 2002 (i.e., one complaint for each year).
 {¶ 6} The matter came for hearing before the BOR on April 1, 2004. At the hearing, South-Western argued that the BOR lacked jurisdiction to consider the valuation of the property for years 2000, 2001, and 2002, because appellant failed to file timely complaints for those years under the provisions of R.C. 5715.19 and 5715.13. South-Western further contended that the auditor was without authority to bestow jurisdiction on the BOR by virtue of the April 29, 2003 letter.
 {¶ 7} During the hearing, appellant presented the testimony of Robert Feeley, an appraiser with US Realty, who conducted an appraisal of the property on behalf of appellant, and who also prepared a "summary appraisal report." In the report, Feeley concluded that the value of the property was $6,900,000 as of January 1, 2000, and $6,600,000 as of January 1, 2002. The BOR issued a decision on September 23, 2004, leaving unchanged the auditor's valuations for the years 2000, 2001, and 2002.
 {¶ 8} On October 21, 2004, appellant filed an appeal with the trial court from the decision of the BOR. Both parties submitted trial briefs for the court's review. By decision and entry filed January 5, 2006, the trial court affirmed the orders of the BOR. In its decision, the trial court rejected South-Western's contention that appellant was jurisdictionally barred from challenging the valuations for 2000, 2001, and 2002. The court concluded, however, that appellant had failed to meet its burden of presenting reliable, probative evidence that the auditor had overvalued the property for those years.
 {¶ 9} On appeal, appellant sets forth the following two assignments of error for review:
 1. The trial court erred to the prejudice of Appellant IBM Corporation by valuing the subject property based upon its use by its present owner, therefore unlawfully disregarding the property's true value if sold on the open market as required by the Supreme Court of Ohio in State ex rel. Park Invest. Co. v. Bd. of Tax Appeals (1972), 32 Ohio St.2d 28.
 2. The trial court erred to the prejudice of Appellant IBM Corporation and abused its discretion by unreasonably and arbitrarily refusing to give due consideration to the expert appraisal report of Robert J. Feeley, which was the only evidence presented as to the fair market value of the subject property.
 {¶ 10} At the outset, we address a jurisdictional issue raised by South-Western, in which it argues the BOR had no statutory authority under R.C. 5715.19(A)(1) to determine the true value of appellant's property for tax years 2000, 2001, and 2002. Specifically, South-Western argues, as it did before the trial court and at the BOR hearing, that appellant failed to file timely complaints challenging the valuations for those years.
 {¶ 11} In response, appellant contends in its reply brief that South-Western is barred from raising a jurisdictional argument before this court because it did not file a cross-appeal from the trial court's determination on this issue. We disagree.
 {¶ 12} Complaints filed under R.C. 5715.19 and 5715.13 are jurisdictional. Buckeye Foods v. Cuyahoga Cty. Bd. of Revision (1997),78 Ohio St.3d 459, 461. As such, the Ohio Supreme Court has held that "'full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim.'" Id., quoting Stanjim Co. v. Mahoning Cty. Bd. of Revision (1974), 38 Ohio St.2d 233, 235. Further, under Ohio law, "[s]ubject matter jurisdiction is never waived, and neither a court nor the parties may confer jurisdiction where none existed originally." Hirt's Greenhouse,Inc. v. City of Strongsville (Sept. 7, 1995), Cuyahoga App. No. 68374. Thus, "the lack of jurisdiction can be raised at any time, even for the first time on appeal." State ex rel. Tubbs Jones v. Suster (1998),84 Ohio St.3d 70, 75. See, also, Hirt's Greenhouse, supra ("the filing of a cross appeal is not a prerequisite to challenging the subject matter jurisdiction of this court").
 {¶ 13} R.C. 5715.19(A)(1) states, in pertinent part:
 Subject to division (A)(2) of this section, a complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year or the date of closing of the collection for the first half of real and public utility property taxes for the current tax year, whichever is later:
 * * *
 (d) The determination of the total valuation or assessment of any parcel that appears on the tax list, except parcels assessed by the tax commissioner pursuant to section 5727.06 of the Revised Code[.]
 {¶ 14} South-Western notes that, subsequent to the trial court's decision in this case, the Ohio Supreme Court issued its decision inCleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. ofRevision, 105 Ohio St.3d 404, 2005-Ohio-2285. In Cleveland Mun., the previous owner of an office building had filed a complaint with the Cuyahoga County BOR for tax year 1994. After the Cuyahoga County BOR upheld the county auditor's valuation, the owner appealed to the Board of Tax Appeals ("BTA"). While the appeal was pending, the parties stipulated that the true value of the property was $2,650,000. In 1998, the BTA ordered the county auditor to correct his tax records to reflect the stipulated value, "which was to 'be carried forward according to law.'" Id., at ¶ 4.
 {¶ 15} More than two years later, the county auditor notified the previous owner that, as a result of a review of the BTA's decision, the market value of the property had been revised from $6,200,000 to $3,800,000 for tax years 1997 through 1999, and the county auditor's letter indicated that the tax amount would be adjusted through a revised bill for the second-half tax collection. The appellant, Royal Financing, LLC ("Royal"), became involved with the tax situation after it became an owner. On June 27, 2000, Royal filed a complaint with the Cuyahoga County BOR, asserting that the true value of the property was lower for tax years 1997 through 1999 (i.e., $2,200,000 for those tax years). A counter-complaint was filed by the Cleveland Municipal School District Board of Education ("school board"), in which the school board argued that the auditor's $3,800,000 assessment was the true property value.
 {¶ 16} Following a hearing, the Cuyahoga County BOR determined that the true value of the property for tax year 1997 was $3,000,000. Royal and the school board both filed appeals regarding the valuation, and the school board additionally argued that the Cuyahoga County BOR lacked jurisdiction to consider Royal's valuation complaint for tax years 1997 and 1998. The BTA agreed with the school board on the jurisdictional issue, and ordered the Cuyahoga County BOR to dismiss Royal's complaint for tax years 1997 and 1998. The BTA also ordered reinstatement of the county auditor's valuations for tax years 1997 and 1998.
 {¶ 17} On further appeal, the Ohio Supreme Court held that "R.C.5715.19(A)(1) requires that a complaint for the current tax year be filed by March 31 of the ensuing year." Cleveland Mun., at ¶ 13. Thus, under the facts of that case, in order for the Cuyahoga County BOR to have jurisdiction over a complaint concerning a property valuation for tax year 1997, the complaint was required to have been filed with the Cuyahoga County BOR by March 31, 1998. Accordingly, Royal's June 27, 2000 complaint did not meet the requirements of R.C. 5715.19(A)(1) for the filing of a complaint regarding tax years 1997 and 1998, and the Ohio Supreme Court affirmed the BTA's decision granting the motion to dismiss Royal's June 2000 complaint.
 {¶ 18} In the instant case, South-Western argues that the complaints filed by appellant on June 19, 2003, contesting the original appraised values for tax years 2000, 2001 and 2002, were untimely under the applicable statutory language. South-Western further argues that the auditor could not bestow jurisdiction on the BOR by agreement with appellant, nor could the auditor vest the BOR with jurisdiction over the previously determined true value of the property by merely reallocating that value to a taxable portion and an exempt portion of the property.
 {¶ 19} Based upon the provisions of R.C. 5715.19, and the holding inCleveland Mun., we agree with South-Western's contention that the complaints were untimely filed and, therefore, the BOR lacked authority to make revisions to the property valuations for tax years 2000, 2001, and 2002. As previously noted, "full compliance" with R.C. 5715.19 and5715.13 is a prerequisite to a county BOR acting on the merits of a claim. Buckeye Foods, supra, at 461. Here, in the absence of effective complaints, "the BOR had nothing to hear and determine." Gammarino v.Hamilton Cty. Bd. of Revision (1997), 80 Ohio St.3d 32, 34. Further, where a party fails to properly invoke the jurisdiction of the BOR, dismissal of the complaint is appropriate. F R Ltd. Partnership v. Bd.of Revision of Hamilton Cty. (Sept. 25, 1998), Hamilton App. No. C-970888 ("If the complaint does not meet the statutory jurisdictional requirements, it must be dismissed"), citing Elkem Metals Co., L.P. v.Washington Cty. Bd. of Revision (1998), 81 Ohio St.3d 683.
 {¶ 20} Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court with instructions to vacate the orders of the BOR and to remand this matter to the BOR to dismiss the complaints for lack of jurisdiction. In light of our disposition of the jurisdictional issue, we do not reach the merit issues alleged as error under appellant's assignments of error.
Judgment reversed and cause remanded with instructions.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.