[Cite as *Sheldon Rd. Assoc., L.L.C. v. Cuyahoga Cty. Bd. of Revision,* **131 Ohio St.3d 201, 2012-Ohio-581.**]

SHELDON ROAD ASSOCIATES, L.L.C., APPELLANT, *v.* CUYAHOGA COUNTY

BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Sheldon Rd. Assoc., L.L.C. v. Cuyahoga Cty. Bd. of Revision,*

**131 Ohio St.3d 201, 2012-Ohio-581.**]

*Taxation—Real property—Valuation—Timeliness of complaint—R.C. 5715.19— When county auditor substantially increases valuation of property for preceding tax year after statutory deadline for challenging that year's assessment, and then carries forward that same increased value for current year, filing of timely complaint for current tax year may in certain circumstances also confer jurisdiction on board of revision to consider preceding year's valuation—When redetermination of value for previous tax year constitutes determination for current year, R.C. 5715.19(A)(1) permits board of revision to take jurisdiction over both tax years if redetermination occurred during current tax year.*

(No. 2010-1322—Submitted November 16, 2011—Decided February 21, 2012.)

APPEAL from the Board of Tax Appeals, No. 2009-V-4083.

_____

**Per Curiam.**

{¶ 1} In this appeal, we confront an issue of the jurisdiction of county boards of revision. When a county auditor substantially increases the valuation of property for the preceding tax year after the statutory deadline for challenging that year's assessment and then carries forward that same increased value for the current year, does the filing of a timely complaint for the current tax year also confer jurisdiction on the board of revision to consider the preceding year's valuation?  We hold that the board of revision in this case not only had jurisdiction to consider the carried-forward value for the current tax year, but also

had authority to consider the validity of the increased value for the preceding tax year.

{¶ 2}  The property owner, Sheldon Road Associates, L.L.C., filed a valuation complaint in December 2008 that challenged the auditor's June 2008 correction of a clerical error relating to the 2007 tax year.  The Cuyahoga County Board of Revision ("BOR") issued a decision that treated the complaint as pertaining to tax year 2008; the BOR retained the corrected 2007 valuation for the 2008 tax year.  On appeal, the Board of Tax Appeals ("BTA") decided that because Sheldon's complaint was untimely as to the 2007 tax year, the BOR lacked jurisdiction.  The BTA remanded with the instruction that the BOR dismiss the complaint.

{¶ 3}  Before this court, Sheldon urges that the BOR had jurisdiction to reopen the 2007 assessment despite the fact that Sheldon filed the complaint in December 2008, long after the March 31, 2008 deadline for complaints that challenge the 2007 assessment.  Sheldon contends that R.C. 5715.19 permits its filing because the correction notice was not issued until June 2008, after the March 31 deadline.  Appellee Berea City School District Board of Education insists that the March 31 deadline is a jurisdictional bar and argues that Sheldon could have pursued relief by filing a civil action for injunctive relief under R.C. Chapter 2723.  The school board also contends that the BOR lacked jurisdiction to determine value for the 2008 tax year.

{¶ 4}  We conclude that the BTA erred by finding that the BOR lacked jurisdiction.  First, Sheldon's complaint was considered by the BOR with respect to the 2008 tax year, and we hold that the complaint invoked the BOR's jurisdiction to challenge the valuation for that tax year—a year in which the auditor carried forward the amended value for 2007.  Second, we hold that under the particular circumstances presented in this case, the BOR's jurisdiction to

2

determine value for 2008 also encompassed authority to determine the propriety of the June 2008 redetermination of value for tax year 2007.

{¶ 5} Because we hold that the BOR did have jurisdiction under the particular facts of this case, we reverse the decision of the BTA. We also remand to the BTA for further proceedings.

## I. Facts

{¶ 6} The record in this case is sparse. Because the BTA issued its decision before the BOR certified the transcript of its proceedings, the record of the BOR proceedings is not part of the record before the court. Accordingly, in reconstructing the facts, we rely on the notice of appeal and the briefs submitted to the BTA, the BTA's decision, and the briefs and attachments submitted to the court.

{¶ 7} On June 13, 2008, the auditor of Cuyahoga County sent a letter to Sheldon announcing an "action recently taken" that "has resulted in a change to the valuation of your property for the tax year 2007" and ascribing the "reason for this adjustment" to a "clerical error." The adjustment increased the "total market value of this parcel" from $446,600 to $1,152,000. The copy of the property record card attached to the school board's BTA brief indicates that apartments and a clubhouse were constructed on the property during 2006 and that the total adjusted value of the land and buildings was $13,206,200. The card also reflects a 15-year tax abatement on the value of the improvements, leaving only the land subject to tax. Thus, the value assigned to the land was apparently increased from $446,600 to $1,152,800 as of January 1, 2007, in order to reflect the improvement from raw land to a site suitable for the apartment complex.

{¶ 8} On December 18, 2008, Sheldon filed a complaint against the increase of valuation for tax year 2007 as announced in the June 18, 2008 letter from the auditor. The BOR issued a decision dated November 24, 2009, in which it found a value not for tax year 2007, but for tax year 2008. The BOR retained

the total market value of $13,206,200—thereby apparently retaining the revised land valuation for 2008 at $1,152,800.

{¶ 9} Sheldon then appealed to the BTA. At the BTA, Sheldon filed a motion to remand, asking the BTA to send the case back to the BOR with instructions to find a value for tax year 2007. The school board filed a motion at the BTA, asserting that the BOR had lacked jurisdiction because the complaint had not been timely filed. In its decision, the BTA agreed with the school board that the BOR lacked jurisdiction. *Sheldon Rd. Assoc., L.L.C. v. Cuyahoga Cty. Bd. of Revision*, BTA No. 2009-V-4083, 2010 WL 2641805, at *3 (June 29, 2010). It overruled Sheldon's motion to remand and granted the school board's jurisdictional motion. The BTA remanded to the BOR with the instruction that the case be dismissed. *Id.*

## II. Analysis

{¶ 10} This case presents issues of the jurisdictional sufficiency of the valuation complaint. We have held that such issues raise questions of law that we consider on a de novo basis. *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10. Moreover, because issues of the jurisdiction of the boards of revision or the BTA implicate our own jurisdiction, we will exercise plenary authority to consider those issues without regard to whether the appellant has preserved or asserted them. *Delaney v. Testa*, 128 Ohio St.3d 248, 2011-Ohio-550, 943 N.E.2d 546, ¶ 15, fn. 3, citing *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 17, and *Meadows Dev., L.L.C. v. Champaign Cty. Bd. of Revision*, 124 Ohio St.3d 349, 2010-Ohio-249, 922 N.E.2d 209, ¶ 19, fn. 1.

{¶ 11} Although Sheldon's appeal focuses on the BTA's finding that the BOR lacked jurisdiction to question the amended valuation for tax year 2007, we begin our review with the BOR's jurisdiction to do what it actually did:  to

determine a value for tax year 2008. The BTA noted that Sheldon "affirms that the tax year listed on the complaint, 2007, is in fact the tax year complained of," but ultimately held that "[i]rrespective of the reasons [for the lateness of filing,] appellant's failure to file its complaint within the period established by statute deprived the BOR of jurisdiction to consider appellant's complaint." *Sheldon Rd. Assoc., L.L.C.*, BTA No. 2009-V-4083, 2010 WL 2641805, at *2. In other words, the BTA held that the BOR lacked any jurisdiction, including jurisdiction to review the 2008 tax-year valuation. We begin by correcting this error before proceeding to consider whether the BOR and the BTA correctly declined to exercise jurisdiction over the June 2008 increase in the 2007 tax-year assessment.

## A. The BOR had jurisdiction to entertain Sheldon's complaint
## as a challenge to the 2008 tax-year valuation

{¶ 12} Based on its finding that the BOR lacked jurisdiction to consider the 2007 tax-year assessment, the BTA found that the BOR had no jurisdiction at all and directed that the BOR dismiss the complaint on remand. *Sheldon Rd. Assoc.*, BTA No. 2009-V-4083, 2010 WL 2641805, at *3. Our plenary authority over the jurisdictional issue requires us to consider whether the BTA's ultimate disposition—outright dismissal of Sheldon's complaint—was correct. We hold that the BTA erred.

{¶ 13} R.C. 5715.19(A)(1) expressly allows a complaint against certain "determinations for the current tax year," including "[t]he determination of the total valuation or assessment of any parcel that appears on the tax list." R.C. 5715.19(A)(1)(d). With these plain terms, the statute permits the BOR to exercise jurisdiction over a complaint filed in December 2008 to the extent that the complaint contests the valuation and assessment for the current year, i.e., 2008.

{¶ 14} To be sure, Sheldon's complaint identified 2007 as the tax year at issue, but the identification of the year on the complaint form is not required by statute and therefore does not constitute a jurisdictional prerequisite to the BOR's

initiating a review of the 2008 tax-year assessment. *See Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision,* 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 10; *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980). Nor is there any indication that Sheldon's challenge to the correction of the clerical error would be any less relevant to the 2008 tax-year assessment than it would be to the 2007 assessment.

{¶ 15} The school board additionally argues that consideration of the 2008 tax year was jurisdictionally barred at the BOR because the complaint, filed in December 2008, was premature with respect to the 2008 tax year. The school board concedes, however, that although R.C. 5715.19 establishes March 31 of the ensuing year as the last day for filing, the statute does not specify any start date for filing. Instead, the school board relies on a series of BTA decisions holding that premature filings do not vest jurisdiction in a statutory body. *See Dublin City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, BTA Nos. 97-M-963 through 97-M-968, 2000 WL 31742 at *3 (Jan. 14, 2000), and decisions cited therein. In those decisions, however, the filing of the complaint occurred before October 1 of the current tax year, which is the point at which the current year's assessment against the property has been finalized. *See* R.C. 319.28 (auditor to certify tax duplicate to county treasurer as of October 1 of the tax year). By contrast, Sheldon filed its complaint in this case in December 2008, *after* the 2008 assessment.

{¶ 16} Accordingly, we need not address whether a complaint filed before October 1, 2008, would fail to invoke the BOR's jurisdiction as to tax year 2008. We hold that a complaint filed in December of the current tax year, even if it is premature in light of local rules and practices, is not *jurisdictionally* defective as a challenge to the current tax year's assessment.

{¶ 17} It follows that although Sheldon as the complainant may decide to withdraw a complaint or to waive the review of a particular year's assessment in the context of pending proceedings, there was no *jurisdictional* impediment to the BOR's reviewing the 2008 tax-year assessment. Accordingly, the BTA's decision was unlawful to the extent that it remanded the cause to the BOR with the instruction that the BOR dismiss the complaint for want of jurisdiction. We must therefore reverse the BTA's decision to the extent of that error.

**B. The redetermination of the 2007 tax-year assessment in June 2008 and the carryover of that value to the 2008 tax year allowed Sheldon to challenge the 2007 valuation through the December 2008 complaint**

*1. As a general matter, the total valuation and assessment for a past tax year may not be challenged under R.C. 5715.19 unless the complaint is filed by March 31 of the ensuing year*

{¶ 18} Sheldon acknowledges that its complaint—filed in December 2008—was filed after March 31, 2008, the statutory deadline for complaints relating to the 2007 tax year. That deadline had been held to be jurisdictional. *Cleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 105 Ohio St.3d 404, 2005-Ohio-2285, 827 N.E.2d 306, ¶ 13-14 (referred to as "*Royal Financing*," which is the name of the property owner in the case).

{¶ 19} Sheldon argues that R.C. 5715.19(A)(1) nonetheless permitted it to file a complaint that challenged the 2007 tax-year assessment because that assessment was modified in June 2008 by the auditor's correction of a clerical error. Sheldon characterizes the correction of the clerical error as a determination that "affect[s] a prior tax year" but that is "made in the 'current tax year' " under R.C. 5715.19(A)(1). Sheldon bases its appeal on the sweeping theory that the assessment for any prior tax year may be challenged in any subsequent year if that earlier year's valuation was redetermined in that subsequent year.

**{¶ 20}** Contrary to this extreme version of Sheldon's argument, R.C. 5715.19(A)(1) does not permit a complaint against determinations "made *in*" the current tax year; instead, it authorizes complaints against "determinations *for* the current tax year." (Emphasis added.) In plain terms, the statute permits complaints that challenge determinations based not on when the determination is rendered, but rather on the tax year to which the determination relates—i.e., it authorizes complaints that relate to the *current* year's assessment, not complaints that address a determination that relates to a *prior* year's assessment. This plain-language reading will ordinarily preclude an attempt to challenge any prior year's valuation and assessment under R.C. 5715.19 merely because the value was redetermined in the current tax year.

**{¶ 21}** The case law bears out our rejection of this argument. In *Royal Financing*, 105 Ohio St.3d 404, 2005-Ohio-2285, 827 N.E.2d 306, the taxpayer filed a complaint on June 27, 2000, attempting to challenge a notice issued on April 18, 2000. The April 18 notice memorialized a finding that the previously determined value of $6,200,000 for tax years 1997, 1998, and 1999 should have been $3,800,000. *Id.* at ¶ 5-6. The court held that the complaint, which sought a further reduction, could not invoke the BOR's jurisdiction to contest that newly assigned value for those earlier years because it had not been filed before March 31 of any of the three ensuing tax years. *Id.* at ¶ 10, 14, 23.

**{¶ 22}** Similarly, in *IBM Corp. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 06AP-108, 2006-Ohio-6258, the county auditor informed the taxpayer on April 29, 2003, that the auditor's office had miscalculated a tax abatement for previous years. *Id.* at ¶ 4. On June 19, 2003, the taxpayer filed complaints that challenged the valuation as amended for the years 2000, 2001, and 2002. *Id.* at ¶ 5. Relying on *Royal Financing*, the Tenth District held that the June 29 complaints were invalid to challenge the amended valuation for the prior years because they were untimely filed. *Id.* at ¶ 18.

*2. Under the circumstances of this case, the complaint vested jurisdiction*
*to consider the amended valuation for 2007, which was carried over to 2008*

**{¶ 23}** The BTA regarded the present case as a straightforward application of the case law just discussed. In defending the BTA's decision, the school board argues that because the June 2008 correction was designed to retroactively increase the value assigned to Sheldon's property for the 2007 assessment, it cannot also be a component of the "determination of the total valuation or assessment" for tax year 2008. Although it is certainly true that the 2007 tax-year assessment involves a valuation as of January 1, 2007, whereas the 2008 tax-year assessment involves a valuation as of January 1, 2008, we do not think that the issue in this case may be resolved simply by pointing to that distinction.

**{¶ 24}** The June 2008 correction did pertain primarily to the 2007 assessment: it changed that assessment by increasing the value assigned to the property for tax year 2007. But unlike the situations in *Royal Financing* and *IBM Corp.*, the June 2008 correction also determined the 2008 assessment (which was the *current* year's assessment as of June 2008), over which the BOR did validly exercise jurisdiction. Namely, the 2007 valuation as redetermined in June 2008 was carried over to the 2008 year.[1]

**{¶ 25}** Although we have rejected the contention that the BOR had authority to consider the taxpayer's challenge to the 2007 assessment *merely* because the 2007 valuation was redetermined in 2008, we conclude that the

---

[1]. It is worth noting in this regard that in *Royal Financing*, the year 2000 (the year in which the correction notice was issued) was a sexennial reappraisal year. 105 Ohio St.3d 404, 2005-Ohio-2285, 827 N.E.2d 306, ¶ 2. The auditor's duty to conduct a reappraisal would ordinarily preclude carrying over the previous year's valuation. *Accord AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision*, 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472, ¶ 31 (carryover provision of R.C. 5715.19(D) "operates with full force only when the auditor is not under a separate statutory duty to adjust the value assigned to the property").

particular circumstances place this case within a narrow exception to the usual March 31 deadline.

{¶ 26} Two circumstances are of crucial significance in this regard. First, the complaint was timely filed with respect to the 2008 tax year for which the revised 2007 valuation was carried forward, and the BOR lawfully exercised jurisdiction over the 2008 tax year. Second, the revised 2007 tax-year valuation was carried over as the value for 2008, with the result that the tax-year-2007 redetermination is, in practical effect, part of the determination "for the current tax year" 2008.

{¶ 27} We hold that under these circumstances, the BOR's jurisdiction extended not only to tax year 2008 but also to tax year 2007. R.C. 5715.19(A)(1) authorizes consideration of the December 2008 complaint as a challenge to the "determinations for the current tax year" of that total valuation and assessment; where, as here, the redetermination of the value for the previous tax year constitutes in effect the determination for the current year, the language of the statute permits the BOR to take jurisdiction over both tax years. We recognize that this represents a broad reading of the statute, but we conclude that such a reading is justified by the statute's remedial purpose. *See Stephan v. Daniels*, 27 Ohio St. 527, 536 (1875) (a provision passed for the purpose of "protecting the citizen from illegal exactions" was "remedial in its character" and "should receive that construction, if the words will reasonably admit, that will effect the manifest intention of the legislature, and remedy the evil"); *accord Hanna Mining Co. v. Limbach*, 20 Ohio St.3d 3, 4-5, 484 N.E.2d 691 (1985), citing *Phoenix Amusement Co. v. Glander*, 148 Ohio St. 592, 76 N.E.2d 605 (1947) (tax-refund provisions are to be "construed liberally in favor of the taxpayer"). The taxpayer in this case had no incentive to challenge the original assessment for tax year 2007 because the land value of $446,600 was favorable and the improvement value was apparently abated. By the time the auditor corrected the 2007

assessment by increasing the land value to $1,152,000, the March 31 deadline for challenging the 2007 valuation had passed, and the taxpayer found itself trapped in a Catch-22 that deprived it of the legislatively intended remedy for the 2007 tax year. Such a significant value increase—more than doubling the assessment—created an incentive to challenge the 2007 valuation for the first time, while at the same time raising the issue whether the change was a "clerical error" correction or a fundamental change in valuation. It also created an inequity that justifies a broad reading of R.C. 5715.19 as a remedial statute.

{¶ 28} We must qualify our holding with a caveat: our holding does not permit a timely complaint for a subsequent year to challenge the preceding year's assessment merely because the earlier year's value has been carried forward. It is essential to our disposition of this case that the 2007 tax-year value was redetermined *in June 2008*—i.e., the 2007 adjustment was calculated during the 2008 tax-year assessment.

{¶ 29} The process of assessment for a "current tax year" begins on January 1 of that year, for that is the date on which the tax lien for that year attaches to the property, and it is the date as of which the value of the property will be determined. R.C. 323.11 (lien for taxes "shall attach to all real property subject to such taxes on the first day of January, annually"); *Freshwater v. Belmont Cty. Bd. of Revision*, 80 Ohio St.3d 26, 29-30, 684 N.E.2d 304 (1997) ("the first day of January of the tax year in question is the crucial valuation date for tax assessment purposes"). The assessment process then continues through stages that include the correction of clerical errors pursuant to R.C. 319.35 and culminates with the certification of the tax duplicate by October 1 of the tax year as required by R.C. 319.28. See 2005 Ohio Atty.Gen.Ops. No. 2005-443. In this case, the adjustment to the 2007 assessment in June 2008 places it within the assessment process for 2008.

*3. With respect to the 2007 tax year, the BTA on remand*
*must first consider the threshold question of whether the auditor had*
*authority to issue the June 2008 adjustment*

**{¶ 30}** On remand, the consideration of value for tax year 2007 will require a determination whether the June 2008 correction was legally proper. The June 2008 notice asserts the correction of a "clerical error," which is defined by R.C. 319.35 as an error that "can be corrected by the county auditor from the inspection or examination of documents in the county auditor's office or from the inspection or examination of documents that have been presented to the county auditor and have been recorded by the county recorder." Errors that are not "clerical" are, pursuant to R.C. 319.35, "fundamental" and are "subject to correction only by the county board of revision as provided by law."[2]

**{¶ 31}** R.C. 5713.19 clarifies that clerical errors may encompass errors concerning the owner's name, the valuation, the description, or the "quantity of any tract or lot." Additionally, R.C. 319.40 provides for the charging of omitted taxes. Omitting property from the assessment typically qualifies as a clerical error that the statutes require the auditor to correct. R.C. 5713.20(A) and 5713.21; *Heuck v. Cincinnati Model Homes Co.*, 130 Ohio St. 378, 382, 4 O.O. 496, 199 N.E. 698 (1936). On the other hand, a purported "correction" might be considered illegal if it consisted of an outright reappraisal of the property rather than adding omitted property or fixing a computational error. *See id.*

---

2. At oral argument, Sheldon's counsel conceded that the June 2008 notice at least "facially" involved a clerical error. But the nature of the alleged error that the auditor sought to correct is crucial to his jurisdiction to make the correction at all. *See State ex rel. Poe v. Raine*, 47 Ohio St. 447, 456, 25 N.E. 54 (1890) ("the power of the county auditor to correct errors is limited to such as are clerical," with the result that "his powers of correction do not extend to errors of this [fundamental] class"), citing *State ex rel. Sisters of Notre Dame v. Montgomery Cty. Commrs.*, 31 Ohio St. 271 (1877). As a result, the issue cannot be waived and constitutes a threshold inquiry for tax year 2007 on remand. *See Springfield Local School Dist. Bd. of Edn. v. Lucas Cty. Budget Comm.*, 71 Ohio St.3d 120, 121, 642 N.E.2d 362 (1994); *accord State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27.

(characterizing as "clerical" a "curable omission in valuation" arising from an erroneous computation that omits property from the assessment, to be distinguished from a "change of valuation," which is fundamental and therefore not a "corrected" value but a "new" one); *State ex rel. Ney v. DeCourcy*, 81 Ohio App.3d 775, 779, 612 N.E.2d 386 (1992) (auditor lacked general authority to amend property valuations after certification of the duplicate); *but see* R.C. 5713.21 (providing for correction of a "mistake * * * in the valuation of an improvement or betterment of real property"); *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision*, 38 Ohio St.3d 198, 201, 527 N.E.2d 874 (1988) (under R.C. 5713.01, the auditor is "free, 'at any time,' to seek a property's correct value").

{¶ 32} Quite simply, the auditor's decision to more than double the value assigned to the land in the present case may, upon examination, constitute a clerical error as defined or it may reflect a "fundamental" revaluation of the property. If the BTA finds that the correction relates to a fundamental rather than a correctable clerical error, the proper course of action will be to declare the June 2008 change invalid and order reinstatement of the value as previously found for tax year 2007.

{¶ 33} If on the other hand the BTA finds that the June 2008 notice does relate to a clerical error, it may then exercise jurisdiction to consider evidence as to the proper value for tax year 2007. In that context, the case law establishes that in a contested-valuation proceeding at the BTA, it is the appellant's burden to show a value different from that determined by the county. *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001). As a result, any change for tax year 2008 would require evidence of value as of January 1, 2008, and any change for tax year 2007 would require evidence of value as of January 1, 2007. Nor is there any impediment to the BTA's finding two different values for the two different years, if that is what the evidence shows.

### III. Conclusion

**{¶ 34}** Because the BTA erred by implicitly determining that the BOR lacked jurisdiction to review the valuation for tax year 2008, we reverse its decision to grant the school board's jurisdictional motion. The BTA also erred by determining that the BOR lacked jurisdiction to review the 2007 tax-year assessment, inasmuch as the BOR had ancillary jurisdiction to do so under the circumstances of this case. Finally, because of our disposition of this appeal in its favor on statutory grounds, Sheldon's due process argument is moot.

**{¶ 35}** We therefore reverse the decision of the BTA and remand for further proceedings in accordance with the instructions set forth in this opinion.

Decision reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Sleggs, Danzinger & Gill Co., L.P.A., and Todd W. Sleggs, for appellant.

Kadish, Hinkel & Weibel, Kevin M. Hinkel, and Rita M. Jarrett, for appellee Berea City School District Board of Education.

_____