**[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 361.]**

COLUMBIA TOLEDO CORPORATION, APPELLANT, *v*. LUCAS COUNTY BOARD OF
REVISION ET AL., APPELLEES.

[Cite as *Columbia Toledo Corp. v. Lucas Cty. Bd. of Revision*, 1996-Ohio-383.]

*Taxation—Real property valuation—Appeal to Board of Tax Appeals dismissed
when R.C. 5715.19(A)(2) not complied with.*

(No. 95-2676—Submitted June 27, 1996—Decided August 21, 1996.)

APPEAL from the Board of Tax Appeals, No. 94-K-815.

_____

{¶ 1} Columbia Toledo Corporation ("Columbia"), appellant, filed a
complaint with the Lucas County Board of Revision ("BOR") to contest its real
property tax valuation for the tax year 1993.  Prior to the filing of its 1993
complaint, Columbia had filed a complaint for the tax year 1991.  The three-year
interim period for Lucas County covered the tax years 1991, 1992 and 1993.

{¶ 2} The only witness appearing before the BOR on behalf of Columbia
was Les Fleckenstein, an administrative assistant with Columbia Sussex
Corporation, the owner of Columbia.

{¶ 3} The BOR dismissed Columbia's complaint for failure to comply with
R.C. 5715.19(A)(2), which permits the filing of only one complaint within a three-
year interim period unless certain criteria are met.  Columbia appealed the BOR's
decision to the Board of Tax Appeals ("BTA").  The county filed a motion with the
BTA to dismiss the appeal because the complaint was the second Columbia had
filed within the same three-year interim period, and the complaint failed to comply
with R.C. 5715.19(A)(2).  The BTA treated the county's motion to dismiss as a
request to affirm the BOR's decision.  The BTA affirmed the BOR's decision,
stating that Columbia had not complied with R.C. 5715.19(A)(2) when it filed its
complaint with the BOR.

**{¶ 4}** This cause is now before this court upon an appeal as of right.

_____

*Baker & Hostetler* and *George H. Boerger*, for appellant.

*Anthony G. Pizza*, Lucas County Prosecuting Attorney, and *Andrew J. Barone*, Assistant Prosecuting Attorney, for appellees Lucas County Board of Revision and Lucas County Auditor.

_____

***Per Curiam.***

**{¶ 5}** The statute in question, R.C. 5715.19(A)(2), provides:

"No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, *unless* the person, board, or officer *alleges* that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

"* * *

"(d)  An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property."  (Emphasis added.)

**{¶ 6}** R.C. 5715.19(A)(2) provides that no second complaint shall be filed in the same interim period by the same person, board or officer for the same property "unless" certain allegations are made.  The complaint in question was the second complaint filed in the same interim period on the same property.  In *Gammarino v. Hamilton Cty. Bd. of Revision* (1994), 71 Ohio St.3d 388, 390, 643 N.E.2d 1143, 1144, we held that the BTA should have granted the auditor's motion to dismiss because in his second complaint Gammarino had "failed to assert the

2

applicability of any of the circumstances enumerated in R.C. 5715.19(A)(2)(a) through (d)."

**{¶ 7}** When Columbia filed its complaint against valuation for the tax year 1993, it answered the question on the complaint form as to why the increase or decrease was justified by stating: "The income from this property does not justify the current taxable value (see letter & data attached)." Attached to the complaint were four pages of data printout of profit and loss statements for the years 1990 through 1993, a one page-summary describing the property, and a one-page letter that summarized and listed selected financial data for the years 1988 through 1993. No occupancy data was set forth in the letter. The letter merely stated that "[the] property has been suffering from low occupancy over the years and the problem has continued from 1990 [t]hrough 1993 as indicated by the financial analysis for the property from 1988 through 1993."

**{¶ 8}** It is Columbia's contention that the data and attachments to the complaint were sufficient to allege that it was filing under R.C. 5715.19(A)(2)(d) because the data, if analyzed, would disclose that there had been an increase or decrease in the property's occupancy of at least fifteen percent that had a substantial economic impact on the property. We disagree.

**{¶ 9}** Contrary to Columbia's contention, it is not the responsibility of a county board of revision to analyze raw data submitted by a taxpayer to determine whether any of the circumstances enumerated in R.C. 5715.19(A)(2) is applicable. The statute clearly places the burden on the taxpayer to allege one of the enumerated circumstances in order to file a second complaint in the same interim period. After the taxpayer has alleged at least one of the circumstances set forth in R.C. 5715.19(A)(2), then a county board of revision may undertake to analyze the data to verify the taxpayer's allegations.

**{¶ 10}** The language of R.C. 5715.19(A)(2) is very simple and it is very clear—there can be no second appeal in the same interim period *unless* one of the

enumerated circumstances is alleged.  In *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93, we held in paragraph one of the syllabus: "Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to enjoyment of the right conferred."  Likewise, in this case, the failure to meet the requirement of alleging at least one of the four circumstances set forth in R.C. 5715.19(A)(2) deprived the county board of revision of the jurisdiction to hear the second complaint filed in the same interim period.

{¶ 11} Based on the foregoing we find the decision of the Board of Tax Appeals to be reasonable and lawful, and it is therefore affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____