[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 32.]

DEVELOPERS DIVERSIFIED LTD. ET AL., APPELLEES, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES; NORTH OLMSTED BOARD OF EDUCATION, APPELLANT.

[Cite as *Developers Diversified Ltd. v. Cuyahoga Cty. Bd. of Revision*, 1998-Ohio-683.]

*Taxation–Real property valuation–Only one complaint as to valuation may be filed during an interim period–Exceptions–Improvements to real property–Rezoning is not an improvement to real property.*

(No. 97-2329—Submitted October 13, 1998—Decided December 2, 1998.)

APPEAL from the Board of Tax Appeals, Nos. 92-J-241, 92-J-242, 92-J-243, 92-J-244, 92-J-245, 92-J-246, 92-J-247, and 92-J-313.

————————————

{¶ 1} In 1987, Developers Diversified Ltd. et al. (collectively, "Developers Diversified") owned five of seven parcels of approximately forty-three acres of vacant land at the I-480 interchange with Columbia Road in North Olmsted. The land was zoned "single-family residential." Developers Diversified sued North Olmsted seeking to rezone the entire property so that Developers Diversified could develop an executive office park and hotel complex on it.

{¶ 2} The North Olmsted Board of Education ("BOE"), appellant, and appellee North Olmsted, in 1989, filed a complaint with the appellee Cuyahoga County Board of Revision ("BOR"), challenging appellee Cuyahoga County Auditor's value for parcels it owned for tax year 1988. The year 1988 was the first year of a three-year interim period in Cuyahoga County spanning the years 1988, 1989, and 1990. The BOR decided the tax year 1988 complaint on March 14, 1990, finding an increase in assessed value.

**{¶ 3}** On November 28, 1988, Developers Diversified settled its rezoning suit against North Olmsted. The parties agreed that North Olmsted would rezone the property and that Developers Diversified could develop offices, multifamily housing, and hotels on it. This rezoning made the property more valuable.

**{¶ 4}** For the tax year 1990, the BOE and North Olmsted filed complaints challenging the values placed on the entire property, including the two additional parcels Developers Diversified had purchased since 1987. Developers Diversified moved to dismiss the 1990 complaints, but the BOR denied the motion because the complaints on these parcels for tax years 1988 and 1990, filed for the same interim period, were not the same. The BOR then determined that rezoning and conditions of the property resulted in a substantial change in its fair market value. The BOR, consequently, as to each parcel, increased the value of the land. Developers Diversified appealed the BOR's decisions to the Board of Tax Appeals ("BTA").

**{¶ 5}** Developers Diversified again filed a motion to dismiss the complaints with the BTA, arguing that the complaints were second complaints for the same interim period in violation of R.C. 5715.19. The BTA, however, conducted a full evidentiary hearing on the valuation question; nonetheless, the BTA dismissed the complaints as to the parcels listed in the tax year 1988 complaint. The BTA ruled that an improvement to real property, one of the exceptions permitting a complainant to file more than one complaint for an interim period, must be "a physical change to or located on the real property." A rezoning, according to the BTA, was not such a change.

**{¶ 6}** The BTA did increase the value of the two parcels that were not part of the tax year 1988 complaint. The values of these parcels are not at issue.

**{¶ 7}** This cause is now before the court upon an appeal as of right.

_____

*Fred Siegel Co., L.P.A.*, and *Annrita S. Johnson*, for appellees Developers Diversified Ltd. et al.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Timothy J. Kollin*, Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Auditor.

*Kolick & Kondzer, Thomas A. Kondzer* and *Rita M. Jarrett*, for appellant.

_____

**ALICE ROBIE RESNICK, J.**

**{¶ 8}** R.C. 5715.19(A)(2) provides:

"As used in division (A)(2) of this section, 'interim period' means, for each county, the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again.

"No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

" * * *

"(c) Substantial improvement was added to the property[.]"

**{¶ 9}** The BOE first argues that it may file a second complaint for the same interim period because Developers Diversified added parcels to the property considered in the first complaint, thus forming a new economic unit. The BOE cites for support *Park Ridge Co. v. Franklin Cty. Bd. of Revision* (1987), 29 Ohio St.3d 12, 29 OBR 231, 504 N.E.2d 1116, in which this court held, at paragraph two of the syllabus:

"The true value for real property may well depend on its potential use as an economic unit. That unit may include multiple parcels, or it may be part of a larger

parcel, on the auditor's records. The boundaries of that unit may change with time and circumstances. Thus, a separate tract for valuation purposes need not correspond with a numbered parcel. For tax valuation purposes, property with a single owner, for which the highest and best use is a single unit, constitutes a tract, lot, or parcel."

{¶ 10} *Park Ridge* does not support the BOE's claim. In *Park Ridge*, the county auditor had assigned a separate permanent parcel number to each of thirty-four duplex units on separate city lots in Grove City and to thirty-five duplex units in Columbus. The trial court valued each rental complex as a separate unit, but the auditor and school boards argued that each parcel should be valued separately, resulting in a higher total value for all the units.

{¶ 11} This court ruled, however, that the auditor's numbering of parcels facilitates conveyancing them. This court, nevertheless, rejected the argument that a parcel's relatively arbitrary boundary should limit valuation practices for real property taxes. Instead, this court allowed taxing authorities to value economic units composed of multiple parcels. This court held that taxing authorities could value multiple parcels as an economic unit if the property is being used for its highest and best use as such economic unit.

{¶ 12} *Park Ridge* addresses valuing property at its highest and best use. *Park Ridge*, however, does not address the number of parcels to be listed on a valuation complaint or whether adding parcels to an economic unit permits a complainant to file a second complaint concerning other parcels of the economic unit in the same interim period. As this court observed in *Park Ridge*, numbering parcels facilitates accounting for them — such as in conveyancing, listing on the tax duplicate, and listing on valuation complaints.

{¶ 13} R.C. 5715.19, nevertheless, bars the second filing despite the addition of new parcels to the compilation of property. This statute prohibits any "person, board, or officer" from filing "a complaint against the valuation or

assessment of *any parcel that appears on the tax list* if it filed a complaint against the valuation or assessment of *that* parcel [appearing on the tax list] for any prior tax year in the same interim period" (emphasis and bracketed material supplied), unless the complainant alleges and establishes one of the exceptions.

{¶ 14} Next, the BOE argues that the expansion of permitted uses after the rezoning, which increases the value of the property, is a substantial improvement to the property. The BOE reasons that this rezoning satisfies R.C. 5715.19 so that it may file a second complaint within the interim period. Developers Diversified replies that the BTA correctly determined that "improvement" means a physical addition to the property.

{¶ 15} According to *Stanjim Co. v. Mahoning Cty. Bd. of Revision* (1974), 38 Ohio St.2d 233, 235, 67 O.O.2d 296, 298, 313 N.E.2d 14, 16, "full compliance with R.C. 5715.19 * * * is necessary before a county board of revision is empowered to act on the merits of a claim." Thus, a complainant, to file a second complaint for the same interim period, must allege and establish one of the four circumstances set forth in R.C. 5715.19(A)(2). *Gammarino v. Hamilton Cty. Bd. of Revision* (1994), 71 Ohio St.3d 388, 643 N.E.2d 1143; *Mellon Bank v. Franklin Cty. Bd. of Revision* (1996), 74 Ohio St.3d 651, 660 N.E.2d 1188; *Columbia Toledo Corp. v. Lucas Cty. Bd. of Revision* (1996), 76 Ohio St.3d 361, 667 N.E.2d 1180.

{¶ 16} As the BTA determined, a rezoning of property, even one rendering the property more valuable, is not an "improvement" to the property. Under R.C. 1.42:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

**{¶ 17}** Other statutes relating to taxes cast "improvement" with buildings, fixtures, and structures located on land. R.C. 5713.01(B), 5713.03, 5713.041, and 5701.02. R.C. 5701.02(D) defines "improvement" as:

"[W]ith respect to a building or structure, a permanent addition, enlargement, or alteration that, had it been constructed at the same time as the building or structure, would have been considered a part of the building or structure."

**{¶ 18}** Accordingly, tax statutes include the term "improvement" together with permanent additions to realty. Moreover, The Dictionary of Real Estate Appraisal, American Institute of Real Estate Appraisers (1984) 158, defines "improvements" as:

"Buildings or other relatively permanent structures or developments located on, or attached to, land."

**{¶ 19}** Consequently, in context with other statutes and under statutory and dictionary definitions, an "improvement" is a relatively permanent structure attached to, or located on, land. "Zoning" is the government's "regulation of the character and intensity of real estate uses through police power." *Id.* at 332. Rezoning does not place a relatively permanent structure on land; thus, rezoning is not an improvement to real property.

**{¶ 20}** Accordingly, we affirm the BTA's decision because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____