[Cite as *ML Waterloo Investors Ltd. v. Akron City School Dist. Bd. of Edn.*, 2012-Ohio-5156.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

BOARD OF EDUCATION OF THE
AKRON CITY SCHOOL DISTRICT

    Appellee

    and

SUMMIT COUNTY BOARD OF
REVISION AND SUMMIT COUNTY
FISCAL OFFICER

    Appellees

    v.

ML WATERLOO INVESTORS, LTD.

    Appellant

C.A. No.     26257

APPEAL FROM JUDGMENT
ENTERED IN THE
OHIO BOARD OF TAX APPEALS
COUNTY OF SUMMIT, OHIO
CASE Nos.     2008-M-2091
                      2008-M-2094
                      2008-M-2096

DECISION AND JOURNAL ENTRY

Dated: November 7, 2012

DICKINSON, Judge.

## INTRODUCTION

**{¶1}** ML Waterloo Investors Ltd. purchased adjacent properties on which there were a doctor's office, a used car dealership, and a closed gas station. It razed the buildings in order to construct a pharmacy. After it began construction of the new building, the Akron City School District Board of Education filed complaints with the Summit County Board of Revision, arguing that the value of the properties should be increased to the sale price. ML Waterloo argued that the sale did not qualify as a recent arm's-length transaction because it occurred in January 2008, over a year after the January 1, 2007, tax lien date for which the Board of

Education was seeking an adjustment. Following a hearing, the Board of Revision determined that the evidence did not support a change in valuation. The Board of Education appealed to the Ohio Board of Tax Appeals, which concluded that the sale price represented the true value of the properties. ML Waterloo has appealed, assigning as error that the Board of Tax Appeals' decision was against the manifest weight of the evidence. We affirm because the Board of Tax Appeals' determination that the sale was a recent arm's-length transaction is supported by the record and there is no evidence that an improvement was added to the properties between the time ML Waterloo bought them and the Board of Tax Appeals' decision.

## STANDARD OF REVIEW

{¶2}    ML Waterloo's assignment of error is that the Board of Tax Appeals' decision was against the manifest weight of the evidence. Under Section 5717.04 of the Ohio Revised Code, "[i]f upon hearing and consideration of such record and evidence [a court of appeals] decides that the decision of the board [of tax appeals] . . . is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification." According to the Ohio Supreme Court, under Section 5717.04, this Court "must affirm the [Board of Tax Appeals'] findings of fact if they are supported by reliable and probative evidence[.]" *HealthSouth Corp. v. Testa*, 132 Ohio St. 3d 55, 2012-Ohio-1871, ¶ 10. We must "afford deference to [the Board of Tax Appeals'] determination of the credibility of witnesses and its weighing of the evidence" and "reverse [its] findings only when there is a total absence of evidence to support a particular finding." *Id*. at ¶ 10, 14.

RECENT SALE

{¶3}    ML Waterloo has argued that the Board of Tax Appeals incorrectly determined that the sale of the properties, which occurred on January 2, 2008, was a recent transaction regarding the January 1, 2007, tax lien date.  It has noted that, not only was the sale more than 12 months after the tax lien date, there was another completely separate tax lien date between January 1, 2007, and the sale date.  It has also noted that, on January 1, 2007, a doctor's office, a used car dealership, and a closed gas station were on the properties.  They were purchased, however, so that they could be converted to use as a pharmacy.  ML Waterloo, therefore, has argued that the properties' January 2008 sale price bears no relation to their January 2007 value.

{¶4}    Under Section 5713.03 of the Ohio Revised Code, the county auditor, "[i]n determining the true value of any tract, lot, or parcel of real estate . . . , if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, . . . may consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes."  ML Waterloo has acknowledged that, under the plain language of Section 5713.03, the fact that a sale occurred after the tax lien date does not automatically mean it cannot qualify as a recent arm's-length transaction.  It also has admitted that the sale of the properties was an arm's-length transaction.  Its argument, instead, is that the sale was not "within a reasonable length of time" after the tax lien date.  R.C. 5713.03.

{¶5}    The Ohio Supreme Court has held that "[t]he reasonableness of the length of time—sometimes expressed as whether the sale was 'recent' relative to the tax lien date—encompasses all factors that would, by changing with the passage of time, affect the value of the property."  *Cummins Prop. Servs. L.L.C. v. Franklin County Bd. of Revision*, 117 Ohio St. 3d

516, 2008-Ohio-1473, ¶ 35. "[P]roximity is not the sole factor affecting recency." *Worthington City Schs. Bd. of Educ. v. Franklin County Bd. of Revision*, 124 Ohio St. 3d 27, 2009-Ohio-5932, ¶ 32. "[G]eneral developments in the marketplace are [also] relevant." *Cummins Prop.*, 2008-Ohio-1473, ¶ 35.

{¶6} On January 1, 2007, the properties were being used for commercial purposes. Although ML Waterloo bought the properties intending to change the type of business being operated on them, it still planned on using them for commercial purposes. ML Waterloo admitted in its brief to the Board of Tax Appeals that there was no change in the condition of the properties between the tax lien date and the sale date. In addition, it failed to present any evidence that there were any market changes between the two dates. The only other recency factor that ML Waterloo did identify was proximity, but the Ohio Supreme Court has determined that a sale within 12 or 13 months of a tax lien date may satisfy the recency requirement in the absence of other material changes regarding the property. *Olentangy Local Schs. Bd. of Educ. v. Delaware County Board of Revision*, 125 Ohio St. 3d 103, 2010-Ohio-1040, ¶ 5, 14 (concluding that 13-month gap between sale and tax lien date was prima facie evidence of the recency of the sale); *Lakota Local Sch. Dist. Bd. of Educ. v. Butler County Bd. of Revision*, 108 Ohio St. 3d 310, 2006-Ohio-1059, ¶ 25 (concluding that Board of Revision correctly adopted purchase price of sale that occurred 22 months after tax lien date as the property's true value); *see also N. Royalton City Sch. Dist. Bd. of Educ. v. Cuyahoga County Bd. of Revision*, 129 Ohio St. 3d 172, 2011-Ohio-3092, ¶ 21 ("Because the sale occurred within a year after the tax-lien date, and because [the property owner] offered no evidence of a change in market conditions between the lien date and the filing of the conveyance-fee statement, the sale was 'recent' for purposes of R.C. 5713.03."). Upon review of the record, we conclude that the Board of Tax Appeals

correctly determined that the January 2008 sale was recent enough to constitute "an arm's length sale . . . within a reasonable length of time" under Section 5713.03.

IMPROVEMENT TO THE PROPERTY

{¶7}    ML Waterloo has also argued that it was improper for the Board of Tax Appeals to find that the sale price was the true value of the properties because it made improvements to the property.  Under Section 5713.03(B) of the Ohio Revised Code, "the sale price in an arm's length transaction between a willing seller and a willing buyer shall not be considered the true value of the property sold if subsequent to the sale . . . [a]n improvement is added to the property."  According to ML Waterloo, it improved the properties "subsequent to" the sale by razing the existing buildings and constructing a new building.

{¶8}    The term "improvement," as used in Section 5713.03(B), "means, with respect to a building or structure, a permanent addition, enlargement, or alteration that, had it been constructed at the same time as the building or structure, would have been considered a part of the building or structure."  R.C. 5701.02(D).  While the language of Section 5701.02(D) does not necessarily preclude other changes to real property from being improvements, the Ohio Supreme Court, in considering whether the rezoning of property could constitute an improvement, held that, "in context with other statutes and under statutory and dictionary definitions, an 'improvement' is a relatively permanent structure attached to, or located on, land." *Developers Diversified Ltd. v. Cuyahoga County Board of Revision*, 84 Ohio St. 3d 32, 36 (1998).  It concluded that rezoning does not qualify as an "improvement" to property because rezoning "does not place a relatively permanent structure on land." *Id*.

{¶9}    Under *Developers Diversified*, ML Waterloo's razing of the existing buildings on the properties does not qualify as an improvement because the process did not place relatively

permanent structures on the properties. The fact that ML Waterloo began constructing another building after razing the pre-existing buildings also does not qualify as an improvement because the building was not finished at the time of the valuation. The reason that a recent sale price is not the true value of real property if there has been a subsequent improvement to the property is because the improvement, presumably, has added value to the property. An improvement that is only in the process of being constructed, on the other hand, has not increased the value of the property. *Bd. of Educ. of Hilliard City Sch. Dist. v. Franklin County Bd. of Revision*, 53 Ohio St. 3d 57, 59-60 (1990) (Wright, J., concurring in part and dissenting in part) ("Since [the improvements] did not yet exist, they added nothing to the value of the property[.]"). ML Waterloo submitted evidence that the pharmacy building had been started but not completed at the time that the Board of Tax Appeals considered this action. Accordingly, we conclude that the Board of Tax Appeals correctly determined that there had been no improvements to the property under Section 5713.03(B). ML Waterloo's assignment of error is overruled.

## CONCLUSION

{¶10} ML Waterloo has not established that the Board of Tax Appeals' determination of the true value of its properties was unreasonable or unlawful. The judgment of the Ohio Board of Tax Appeals is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Ohio Board of Tax Appeals, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MICHAEL A. CHUPARKOFF, Attorney at Law, for Appellant.

DAVID H. SEED and JENNIFER A. HOEHNEN, Attorneys at Law, for Appellee.

TIMOTHY J. WALSH, Assistant Prosecuting Attorney, for Appellee.