[Cite as *Ohio Retail II LL, L.L.C. v. Reynoldsburg City School Dist. Bd. of Edn.*, 2013-Ohio-5705.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| OH Retail II LL, LLC, | : | |
| Appellant-Appellee, | : | |
| v. | : | No. 13AP-230 |
| | | (BTA No. 2011-L-600) |
| Franklin County Board of Revision et al., | : | |
| Appellees-Appellees, | : | (REGULAR CALENDAR) |
| Reynoldsburg City School District Board of Education, | : | |
| | : | |
| Appellee-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on December 24, 2013

*Sleggs, Danzinger & Gill Co., LPA*, and *Todd W. Sleggs*, for OH Retail II LL, LLC.

*Ronald B. Noga*, for Reynoldsburg City School District Board of Education.

APPEAL from Ohio Board of Tax Appeals

KLATT, P.J.

{¶ 1} Appellant, the Reynoldsburg City School District Board of Education ("Reynoldsburg Board"), appeals from a decision and order of the Ohio Board of Tax Appeals in favor of appellee, Ohio Retail II LL, LLC ("Ohio Retail"). For the following reasons, we affirm.

{¶ 2}   Ohio Retail owns two parcels of property in Reynoldsburg.  The parcels are assigned parcel numbers 060-008614 and 060-008675.  For tax year 2007, the Franklin County Auditor assessed parcel 060-008614 at a total true value of $2,825,000 and parcel 060-008675 at a total true value of $715,000.

{¶ 3}   The Reynoldsburg Board filed a sworn complaint with the Franklin County Board of Revision requesting an increase in the parcels' values.  In the complaint, the Reynoldsburg Board stated that an increase was justified because Ohio Retail had "obtained a new mortgage for an amount in excess of the Auditor's value suggesting that the Auditor's value has been underestimated."  Board of Revision transcript, Exhibit 1.

{¶ 4}   The Reynoldsburg Board's complaint is actually a completed form, called a DTE Form 1, created by the Ohio Department of Taxation.  Item number 14 of the form states, "If you have filed a prior complaint on this parcel since the last reappraisal or update of the property values in the county, the reason for the valuation change requested must be one of those below.  Please check all that apply and explain on the attached sheet.  See R.C. 5715.19(A)(2) for a complete explanation."  *Id.*  The Reynoldsburg Board had filed a complaint regarding the same parcels for the 2006 tax year, which would prohibit a complaint for the 2007 tax year unless the board alleged one of the four reasons listed on the complaint form.  Of the four reasons listed, the Reynoldsburg Board chose "[a] substantial improvement was added to the property."  *Id.*  Next to that reason the Reynoldsburg Board added, in parentheses, the statement "may have occurred."  *Id.*

{¶ 5}   The Board of Revision consolidated the complaint with a complaint for tax year 2009 that the Reynoldsburg Board had filed regarding the same parcels.  At the hearing on the consolidated complaints, the attorneys for both the Reynoldsburg Board and Ohio Retail stated that they believed that the Reynoldsburg Board had withdrawn the complaint for tax year 2007.  However, nothing in the record indicated that such a withdrawal had occurred.  The Board of Revision stated that it would look into the matter.

{¶ 6}   In the meantime, the Reynoldsburg Board's attorney was caught unprepared to present any evidence of the value of the parcels for the 2007 tax year.  He only offered to the Board of Revision a stipulation that the Reynoldsburg Board and Ohio Retail had entered into to resolve the complaint over the parcels' value for the 2006 tax year.  The Reynoldsburg Board's attorney asserted that the Board of Revision could use

the stipulation to determine the value of the parcels for the 2007 tax year, even though the stipulation stated that the stipulated values were not to be carried forward.

{¶ 7}   On February 11, 2011, the Board of Revision issued decisions on the subject parcels for tax years 2007 and 2009.  For tax year 2007, the Board of Revision increased the value of parcel 060-008614 to $5,398,000 and parcel 060-008675 to $1,102,000.  Ohio Retail appealed the decisions for tax year 2007 to the Board of Tax Appeals.

{¶ 8}   In relevant part, Ohio Retail contended on appeal that the Board of Revision erred in not dismissing the Reynoldsburg Board's complaint for lack of jurisdiction.  The Board of Tax Appeals agreed, finding that the Reynoldsburg Board's failure to comply with R.C. 5715.19(A)(2) deprived the Board of Revision of jurisdiction.  The Board of Tax Appeals remanded the matter to the Board of Revision with instructions to dismiss the underlying complaint.

{¶ 9}   The Reynoldsburg Board now appeals the Board of Tax Appeals' decision and order, and it assigns the following errors:

> Assignment of Error No. 1
>
> THE BOARD OF TAX APPEALS ERRED AS A MATTER OF LAW BY MISCONSTRUING THE STATUTORY REQUIREMENT OF O.R.C. SECTION 5715.19(A)(2), IN THAT THE COMPLAINT FILED BY APPELLANT BOARD OF EDUCATION FOR THE REYNOLDSBURG CITY SCHOOL DISTRICT WAS SUFFICIENT IN FORM AND CONTENT TO VEST JURISDICTION IN THE BOARD OF REVISION TO DETERMINE THE VALUE OF THE SUBJECT PARCELS FOR TAX YEAR 2007[.]
>
> Assignment of Error No. 2
>
> THE BOARD OF TAX APPEALS ERRED AS A MATTER OF LAW IN CONCLUDING THAT THE SUPREME COURT CASE OF DEVELOPERS DIVERSIFIED LTD. V. CUYAHOGA CTY. BD. OF REVISION (1998), 84 Ohio St.3d 32, ADDS ADDITIONAL EVIDENTIARY REQUIREMENTS TO THE STATUTORY REQUIREMENTS OF O.R.C. SECTION 5715.19(A)(2) IN ORDER TO INVOKE THE JURISDICTION OF THE BOARD OF REVISION[.]

Assignment of Error No. 3

ALL OF THE FOREGOING ERRORS RESULTED IN THE BOARD OF TAX APPEALS ERRONEOUS CONCLUSION THAT THE COMPLAINT FILED BY THE BOARD OF EDUCATION OF THE REYNOLDSBURG CITY SCHOOL DISTRICT FOR TAX YEAR 2007 FAILED TO INVOKE THE JURISDICTION OF THE FRANKLIN COUNTY BOARD OF REVISION FOR TAX YEAR 2007[.]

{¶ 10} By its first assignment of error, the Reynoldsburg Board argues that the Board of Tax Appeals erred in finding that the Board of Revision lacked jurisdiction over the complaint. We disagree.

{¶ 11} A challenge to the jurisdictional sufficiency of a valuation complaint raises a question of law. *Akron Centre Plaza Ltd. Liability Co. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, ¶ 10. Appellate courts review such a question under the de novo standard. *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2013-Ohio-4627, ¶ 8; *Sheldon Rd. Assoc., L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 131 Ohio St.3d 201, 2012-Ohio-581, ¶ 10.

{¶ 12} When a statute requires a litigant to perform certain acts in order to invoke the jurisdiction of an administrative tribunal, the performance of such acts usually constitutes a prerequisite to the tribunal's jurisdiction. *Knickerbocker Properties Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, ¶ 10. "R.C. 5715.19(A) 'establishes the jurisdictional gateway to obtaining review by the boards of revision.' " *Groveport Madison Local Schools Bd. of Edn.* at ¶ 11, quoting *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253, ¶ 10. Thus, "full compliance with R.C. 5715.19 is an indispensable prerequisite for the exercise of jurisdiction by a board of revision." *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, ¶ 17.

{¶ 13} A complainant before a board of revision must affirmatively plead the jurisdictional facts in its complaint. *Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 136 Ohio St.3d 146, 2013-Ohio-3077, ¶ 11. The board of revision examines those facts to determine whether the complaint meets the jurisdictional requirements in R.C. 5715.19. *Elkem Metals Co. Ltd. Partnership v. Washington Cty. Bd.*

*of Revision*, 81 Ohio St.3d 683, 686 (1998).[1]  If the complaint meets the jurisdictional requirements, then the board of revision may proceed to consider the evidence and determine the true value of the property.  *Id.*  If the complaint does not meet the jurisdictional requirements, then the board of revision must dismiss it because it has not invoked the board's power to consider and decide the merits.  *Id.*

{¶ 14} R.C. 5715.19(A)(2) provides:

> No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:
>
> (a)  The property was sold in an arm's length transaction, as described in section 5713.03 of the Revised Code;
>
> (b)  The property lost value due to some casualty;
>
> (c)  Substantial improvement was added to the property;
>
> (d)  An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property.

Thus, in order to file a second complaint in the same interim period, a complainant must allege one of the enumerated circumstances.  *Columbia Toledo Corp. v. Lucas Cty. Bd. of Revision*, 76 Ohio St.3d 361, 362-63 (1996).  Failure to meet this requirement deprives a board of revision of jurisdiction to hear the second complaint.  *Id.* at 363.

{¶ 15} Here, the parties do not dispute that, in Franklin County, an "interim period" occurred during tax years 2005 through 2007.  The parties also do not dispute that the Reynoldsburg Board filed a complaint challenging the value of the subject parcels for the 2006 tax year.  Consequently, for the Board of Revision to have jurisdiction over

---

[1] The complaint must also meet the jurisdictional requirements of R.C. 5715.13.  *Id.*  As those requirements are not at issue here, we do not discuss them.

the complaint for the 2007 tax year, the Reynoldsburg Board had to allege in the complaint the existence of one of the circumstances specified in R.C. 5715.19(A)(2).

{¶ 16} In its complaint, the Reynoldsburg Board checked the box next to "[a] substantial improvement was added to the property." However, the Reynoldsburg Board qualified that allegation by inserting next to it the words "may have occurred." By adding "may have occurred," the Reynoldsburg Board negated the immediately preceding allegation that a substantial improvement *was* added. Together, the Reynoldsburg Board's inconsistent allegations indicate that it did not actually know whether or not a substantial improvement was made.

{¶ 17} The Reynoldsburg Board points to a mortgage, which it allegedly attached to the complaint, as proof that substantial improvements were made to the subject parcels.[2] The mortgage, however, does not satisfy the Reynoldsburg Board's burden under R.C. 5715.19(A)(2). The Reynoldsburg Board must *allege* one of the circumstances set forth in R.C. 5715.19(A)(2); it cannot merely refer to documents attached to its complaint that contain information that establishes one of the circumstances. *Columbia Toledo Corp.*, 76 Ohio St.3d at 362-63. Moreover, a review of the mortgage reveals that it says nothing about substantial improvements to the subject parcels.

{¶ 18} We conclude that the Reynoldsburg Board failed to allege in its complaint that the valuation of the subject parcels should be changed due to substantial improvements that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the substantial improvements were not taken into consideration with respect to the prior complaint. The Board of Revision, therefore, lacked jurisdiction over the Reynoldsburg Board's complaint. Accordingly, we overrule the first assignment of error.

{¶ 19} Like the first assignment of error, the remaining assignments of error also challenge the Board of Tax Appeals' decision that the Board of Revision lacked jurisdiction. In resolving the first assignment of error, we have concluded that the Reynoldsburg Board did not comply with R.C. 5715.19(A)(2), thus depriving the Board of

---

[2] The record does not include the mortgage as an attachment to the complaint, but rather, as an exhibit introduced during the hearing.

Revision of jurisdiction. Therefore, our resolution of the first assignment of error moots the remaining assignments of error.

{¶ 20} For the foregoing reasons, we overrule the first assignment of error, which moots the second and third assignments of error. We affirm the decision and order of the Board of Tax Appeals.

*Order affirmed.*

TYACK and CONNOR, JJ., concur.

———————————