[Cite as *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2014-Ohio-2145.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Board of Education of the Worthington City Schools, | : | |
| | : | |
| Appellant-Appellee, | : | |
| | : | |
| v. | | No. 13AP-764 |
| | : | (BTA No. 2011-W-4428) |
| Franklin County Board of Revision, Franklin County Auditor, | : | (REGULAR CALENDAR) |
| Appellee-Appellee, | : | |
| | : | |
| Crossgate Office Associates, LLC, | : | |
| Appellee-Appellant. | : | |

# D E C I S I O N

## Rendered on May 20, 2014

*Rich & Gillis Law Group, LLC*, and *Mark H. Gillis*, for appellee Worthington City Schools.

*Ron O'Brien*, Prosecuting Attorney, and *William Stehle*, for appellees Franklin C0unty Auditor and Board of Revision.

*Bluestone Law Group, LLC*, and *Charles L. Bluestone*, for appellant.

APPEAL from the Franklin County Board of Tax Appeals

TYACK, J.

{¶ 1} This is an appeal by a property owner, Crossgate Office Associates, LLC ("Crossgate"), from a decision of the State of Ohio Board of Tax Appeals remanding the matter to the Franklin County Board of Revision ("BOR") with instructions to dismiss Crossgate's complaint for lack of jurisdiction. The motion to dismiss was filed by the

Board of Education of the Worthington City Schools ("school board"). For the reasons that follow, we reverse and remand the order of the Board of Tax Appeals ("BTA").

{¶ 2} Crossgate filed a complaint with BOR for tax year 2009, seeking a lower value than the $5,600,000 the county auditor had determined was the value of the property. Crossgate indicated a change in value was warranted because of sales of comparable properties, declining market values for office buildings, increasing rent concessions, vacancy rates, and expenses, declining net operating income potential, and increasing capitalization rates. The school board filed a counter complaint seeking to retain the county auditor's value.

{¶ 3} At a hearing before BOR, Crossgate's appraiser indicated the value of the property for tax year 2009 to be $4,300,000. The appraiser for the school board opined the value was $5,400,000. Afterwards, BOR reduced the property's value to $4,417,800. The school board appealed to the BTA. The school board then filed a motion with the BTA to remand the matter to BOR with instructions to dismiss Crossgate's complaint for lack of jurisdiction. On July 31, 2013, the BTA did exactly that, stating as follows:

> Upon review, we conclude that the BOR did not have jurisdiction to consider the merits of the underlying complaint. The record indicates that Crossgate filed a tax year 2008 complaint and a tax year 2009 complaint. Because tax year 2009 was the second year of the same triennial period that included tax year 2008, Crossgate's tax year 2009 complaint should have expressly set forth the basis for filing another complaint on line 14; it did not. As such, the BOR did not have jurisdiction to consider the merits of Crossgate's tax year 2009 complaint. Accordingly, this matter is remanded to the BOR with instructions to dismiss the underlying complaint, which has the practical effect of reinstating the county auditor's initial true value.

Decision and Order, at 4.

{¶ 4} On appeal to this court, Crossgate raises the following three assignments of error:

> 1. The Franklin County Auditor's action in re-valuing the subject property for Tax Year 2009 entitled appellant to file a

Complaint Against the Valuation of Real Property to challenge that valuation.

2. The Ohio Board of Tax Appeals erred in granting Motion to Dismiss filed by appellee Board of Education of the Worthington City Schools by mistakenly applying the provisions of R.C. Section 5715.19(A)(2) which limits the number of times that a property owner may file a Complaint Against Valuation within the applicable triennial period.

3. The Board of Tax Appeals erred by not granting appellant's Motion for Reconsideration of the decision at issue.

{¶ 5} The assignments of error all relate to whether Crossgate could file a second complaint with BOR within the same triennium without expressly setting forth the basis for filing another complaint. The triennial interim period involved in this case included tax years 2008, 2009, and 2010.

{¶ 6} R.C. 5715.19(A) limits the consideration of a second complaint within a single interim period unless the complainant meets one of four criteria set forth in the statute. It provides, in pertinent part, as follows:

(2) As used in division (A)(2) of this section, "interim period" means, for each county, the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again.

No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

(a) The property was sold in an arm's length transaction, as describe in section 5713.03 of the Revised Code;

(b) The property lost value due to some casualty;

(c) Substantial improvement was added to the property;

(d) An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property.

{¶ 7} Thus, only if the complainant alleges and demonstrates that one of the four circumstances has occurred may BOR consider value. In *Columbia Toledo Corp. v. Lucas Cty. Bd. of Revision*, 76 Ohio St.3d 361 (1996), the Supreme Court of Ohio held that "the failure to meet the requirement of alleging at least one of the four circumstances set forth in R.C. 5715.19(A)(2) deprived the county board of revision of the jurisdiction to hear the second complaint filed in the same interim period." *Id.* at 363.

{¶ 8} There is no dispute that Crossgate failed to comply with R.C. 5715.19(A) when it filed its second complaint within the same triennium. Because this requirement is jurisdictional, it would appear that our inquiry is over. But Crossgate contends that when the auditor changes a property's value following the filing of a complaint, R.C. 5715.19(A)(2) is not implicated, and the property owner may file another complaint within the same triennium.

{¶ 9} Crossgate contends that the county auditor made a mid-triennium adjustment to the property's market value from $5,375,000 for tax year 2008 to $5,600,000 for tax year 2009. This allowed Crossgate to challenge the new tax year 2009 value through a second tax appeal in the same triennium without needing to specify one of the four reasons set forth in R.C. 5715.19(A). *See JLP-Harvard Park LLC v. Cuyahoga Cty. Bd. of Revision*, BTA No. 2011-K-2225, 2012 WL 36222 (Jan. 3, 2012) ("this board has repeatedly held that where differing values are assigned a property during an interim period, the bar set forth in R.C. 5715.19(A)(2) does not apply.").

{¶ 10} In its motion to dismiss, the school board asserted that the auditor's values for the parcel at issue did not change between tax year 2008 and 2009. Therefore, the school board contends that Crossgate had to specify one of the enumerated exceptions on the face of its complaint. Attached to the school board's motion to dismiss were a series of exhibits. Exhibit A was Crossgate's complaint against valuation of real property for tax year 2008 in which Crossgate asserted the true market value was $2,130,000. The next page showed the school board's counter-complaint asserting the true market value of the

parcel was $5,600,000. Exhibit B was an auditor's summary page indicating that for tax year 2008, the value of the parcel was $5,600,000. Under the category "Most Recent Transfer," the summary showed a sale amount of $5,375,000 on September 6, 2001. The next page showed a similar summary for tax year 2009 stating that the total value was $5,600,000, and the most recent transfer was a sale amount of $5,375,000 on September 6, 2001. The next item under exhibit B was a two-page printout entitled "Auditor's Tax List and Treasurer's Duplicate of Real Property." The first page was for tax year 2008, and the second page was for tax year 2009. The significance of this printout is not entirely clear, because the same information is set forth in exhibit A, but it does show that the total taxable value of the parcel at issue was the same for both years, $1,960,100 for tax years 2008 and 2009.

{¶ 11} Crossgate did not respond to the motion to dismiss and remand due to computer failures at counsel's law firm. As a result, the BTA did not have any facts or analysis to back up the theory that Crossgate asserts on appeal.

{¶ 12} After the BTA issued its decision and order, Crossgate filed a motion for reconsideration. Attached to the motion was an exhibit entitled "Batch Value History" certified by the Franklin County Auditor showing that in tax year 2008, the total value was $5,375,000; in tax year 2009, the total value was $5,600,000; in tax year 2011, the total value was $4,000,000; and in tax year 2012, the total was $4,000,000. Counsel for Crossgate represented that BOR was aware that a second filing was permitted on account of the county auditor's change in value for tax year 2009, and that is why the hearing went forward. Based on our review of the record, it appears the issue of whether there was a change in value between tax year 2008 and 2009 was never brought up before BOR or the BTA.

{¶ 13} In the general course of proceedings, the BTA rules upon motions for reconsideration. E.g., *Comet Group Ltd. v. Franklin Cty. Auditor and Franklin Cty. Bd. of Revision*, BTA No. 96-J-1165, 1999 WL 387354 (June 4, 1999); *Metal Container Corp. v. Limbach*, BTA No. 88-G-383, 1992 WL 82570 (Apr. 10, 1992).

{¶ 14} Here, however, the motion for reconsideration was not ruled upon by the BTA, presumably because on the same day Crossgate filed its motion for reconsideration, Crossgate then filed its notice of appeal to this court. Thus, it appears that we are the first

tribunal to see evidence of the alleged discrepancy in the auditor's valuation of the property between tax years 2008 and 2009.

{¶ 15} It is undisputed that the value of the property for the 2009 tax year is $5,600,000. There appears to be conflicting evidence as to the value of the property for tax year 2008. It is not the role of this court to resolve a factual dispute about the evidence before the BTA. Through no fault of its own, the BTA was unable to resolve the issue. Therefore, we must remand the matter to the BTA to determine whether the auditor's value changed in 2009.

{¶ 16} Assignments of error one and two are sustained to the extent that the BTA must resolve the factual issues raised in the motion for reconsideration. Assignment of error three is overruled.

{¶ 17} Upon remand, should the BTA agree with the school board that the value of the property did not change in 2009, the BTA could reinstate its previous opinion and order remanding the matter to BOR to order dismissal for lack of jurisdiction. Should the BTA determine the value of the property did change, it must deny the motion to dismiss and proceed to hear the school board's appeal.

{¶ 18} The judgment of the BTA is reversed and the case is remanded for further proceedings.

*Judgment reversed and*
*case remanded for further proceedings.*

KLATT and CONNOR, JJ., concur.