[Cite as *Colvin v. Summit Cty. Bd. of Revision*, 2012-Ohio-5394.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CEDRIC COLVIN | C.A. No.     26329 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| SUMMIT COUNTY BOARD OF<br>REVISION, et al. | OHIO BOARD OF TAX APPEALS<br>COUNTY OF SUMMIT, OHIO<br>CASE No.     2010-Q-2723 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2012

BELFANCE, Judge.

{¶1}  Cedric Colvin appeals the decision of the Board of Tax Appeals affirming the dismissal of his complaint by the Summit County Board of Revision. For the reasons set forth below, we affirm.

I.

{¶2}  Mr. Colvin purchased the property at issue in this case in February 2009. He filed a complaint regarding the property's 2008 tax valuation in March 2009. The Summit County Board of Revision denied his claim. When Mr. Colvin attempted to appeal, the Board of Tax Appeals dismissed the appeal as untimely.

{¶3}  Mr. Colvin filed a second complaint in March 2010, challenging the tax valuation for the 2009 tax year. The Summit County Board of Revisions dismissed his complaint, finding that it was barred by R.C. 5715.19(A)(2). Mr. Colvin appealed the decision to the Board of Tax Appeals, which affirmed the decision of the Summit County Board of Revision. Mr. Colvin has

appealed the decision of the Board of Tax Appeals, raising a single assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE BOARD OF TAX APPEALS ERRED IN DETERMINING THAT THE UNDERLYING COMPLAINT WAS PROPERLY DISMISSED AS A SECOND FILING WITHIN THE INTERIM PERIOD BECAUSE (1) THE APPELLANT HAD NO LEGAL RIGHT TO FILE THE FIRST COMPLAINT; (2) THE SALE OCCURRED AFTER THE TAX LIEN DATE FOR THE TAX YEAR FOR WHICH THE PRIOR COMPLAINT WAS FILED; AND, (3) THE EFFECT OF THE SALE ON VALUE COULD NOT HAVE POSSIBLY BEEN TAKEN INTO CONSIDERATION WITH RESPECT TO THE PRIOR COMPLAINT.

{¶4} Mr. Colvin argues that, because he did not own the property in 2008, he did not have standing to challenge the tax valuation for that year, and, therefore, his 2009 complaint did not preclude his 2010 complaint regarding the 2009 tax year valuation. He also argues that, even if R.C. 5715.19(A)(2) would generally preclude his 2010 complaint, his complaint was still permitted because it fell under the exception provided by R.C. 5715.19(A)(2)(a).

{¶5} R.C. 5715.19 regulates the manner in which a person or entity may dispute the "[t]he determination of the total valuation or assessment of any parcel that appears on the tax list * * *." R.C. 5715.19(A)(1)(d). A person may institute such a challenge by filing a complaint with the county auditor. R.C. 5715.19(A)(1). However,

[n]o person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

(a) The property was sold in an arm's length transaction, as described in section 5713.03 of the Revised Code;

(b) The property lost value due to some casualty;

(c) Substantial improvement was added to the property;

(d) An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property.

R.C. 5715.19(A)(2).

{¶6} Thus, R.C. 5715.19(A)(2) does not permit a person to file subsequent complaints in the same interim period unless the person can meet certain exceptions contained in the statute. Mr. Colvin argues that his second complaint regarding the 2009 tax year which was filed in the same interim period was not barred by R.C. 5715.19(A)(2). He argues that he was not permitted to make the complaint regarding the 2008 tax year because he did not yet own the property until 2009. Essentially, Mr. Colvin is arguing that he lacked standing to bring the first complaint, rendering it and any decision emanating from it a nullity. However, Mr. Colvin has cited no authority to support his argument. *See* App.R. 16(A)(7). Nevertheless, assuming for the sake of argument that Mr. Colvin is correct that a complaint brought by a person lacking standing does not operate as a bar under R.C. 5715.19(A)(2), "*[a]ny person* owning taxable real property in the county or in a taxing district with territory in the county * * * may file * * * a complaint regarding any such determination affecting *any real property* in the county * * *." (Emphasis added.) R.C. 5715.19(A)(1). Mr. Colvin has not pointed to any evidence in the record that he did not own taxable real property in Summit County in 2008; thus, the record does not support a finding that he lacked standing to bring the complaint regarding the 2008 tax valuation.

{¶7} Mr. Colvin also argues that his second complaint was permitted by R.C. 5715.19(A)(2)(a), which allows a second complaint to be filed if the property was sold in an arm's length transaction "after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior

complaint[.]" "[F]ull compliance with R.C. 5715.19 * * * is necessary before a county board of revision is empowered to act on the merits of a claim. Thus, a complainant, to file a second complaint for the same interim period, must allege and establish one of the four circumstances set forth in R.C. 5715.19(A)(2)." (Internal quotations and citations omitted.) *Developers Diversified Ltd. v. Cuyahoga Cty. Bd. of Revision*, 84 Ohio St.3d 32, 35 (1998). In this case, Mr. Colvin alleged that R.C. 5715.19(A)(2)(a) applied; however, at the hearing he failed to establish that the exception applied.

{¶8} In order to meet the exception contained in R.C. 5715.19(A)(2)(a), Mr. Colvin was required to establish that property was sold in an arm's length transaction after the tax lien date for the tax year for which the prior complaint was filed *and* that the circumstances were not taken into consideration with respect to the prior complaint. There is no dispute that the sale occurred after the tax-lien date. The issue in this case is whether Mr. Colvin satisfied the second portion of R.C. 5715.19(A)(2)(a), namely, that the circumstances surrounding the arm's length sale were not taken into account with respect to the 2008 tax-year complaint. Mr. Colvin does not point to any evidence in the record suggesting that he established this prong of the exception. At the hearing on the second complaint, when Mr. Colvin was asked if he had filed on the sale price in his first complaint, he stated that "[n]obody ever looked at the sale price." However he then admitted that he had "submitted the purchase contract to the county when [he] bought the property."

{¶9} Mr. Colvin suggests that *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, is dispositive on this issue. In *Worthington City*,

> the jurisdictional issue ar[o]se[] because the school board presented the May 2003 purchase price in a complaint that challenged the auditor's valuation for tax year

2003. Subsequently, the school board initiated the present case by filing a complaint seeking an increase for tax year 2004 on the basis of the May 2003 sale.

*Id*. at ¶ 19. The property owners asserted that the 2004 complaint was barred by R.C. 5715.19(A)(2). *See id.* at ¶ 16. However, the Supreme Court held that R.C. 5715.19(A)(2)(a) applied because

> the sale took place in May 2003—after the January 1, 2003 lien date to which the earlier complaint related. Moreover, although the May 2003 sale formed the basis for the tax–year–2003 complaint, the BOR set the value for 2003 without regard to the sale price because the buildings at issue were only partially completed as of January 1, 2003. Because the record shows that the construction was fully completed by January 1, 2004, and because the May 2003 sale culminated a January 2003 purchase contract that contemplated completed construction, the effect of the May 2003 sale price on value was "not taken into consideration" under the statute for tax year 2003.

*Id*. at ¶ 20.[1]

{¶10} The circumstances in *Worthington City* are clearly distinguishable from the instant matter. Furthermore, notwithstanding Mr. Colvin's argument to the contrary, "[a]n arm's-length sale may take place *after* the lien date of a prior tax year and still furnish the criterion of value for that earlier year." (Emphasis sic.) *Akron Centre Plaza, L.L.C. v. Summit Cty Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, ¶ 21-22. Thus, unlike *Worthington City*, the sale price could have been contemplated during the earlier complaint, and we cannot conclude based upon the limited record before us, which does not contain any evidence concerning the decisions of the Board of Revision or the Board of Tax Appeals for Mr. Colvin's

---

[1] The Supreme Court also alternatively found R.C. 5715.19(A)(2)(c) to apply. *See Worthington City* at ¶ 21.

first complaint, that the Board of Revision failed to do so. *See Akron Centre* at ¶ 21, fn. 5 ("If the board of revision ruled in connection with the earlier complaint that the sale was not recent with respect to the prior year's lien date, the arm's-length sale price has not been 'taken into consideration.'").

**{¶11}** It was Mr. Colvin's burden to establish that the R.C. 5715.19(A)(2)(a) exception applied, and he failed to carry that burden. *See Developers Diversified Ltd.*, 84 Ohio St.3d at 35. Accordingly, Mr. Colvin's assignment of error is overruled.

### III.

**{¶12}** Mr. Colvin's assignment of error is overruled. The decision of the Board of Tax Appeals is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Ohio Board of Tax Appeals, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

CEDRIC B. COLVIN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and TIMOTHY J. WALSH, Assistant Prosecuting Attorney, for Appellees.