[Cite as *Sunstar Akron, Inc. v. Summit Cty. Bd. of Revision*, 2013-Ohio-682.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| SUNSTAR AKRON, INC. | C.A. No. 26460 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMIT COUNTY BOARD OF REVISIONS, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV 2011-11-6237 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: February 27, 2013

MOORE, Presiding Judge.

{¶1} Sunstar Akron, Inc. ("Sunstar") appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In January of 2009, Motel 6 listed a motel in Copley, Ohio for sale, with an asking price of $2,500,000. As of that date, the motel had been valued at $4,127,070 for tax purposes. On February 18, 2010, Sunstar purchased the motel for $1,250,000. On March 31, 2010, Sunstar filed a complaint ("first complaint") with the Summit County Board of Revisions ("the Board"), in which it challenged the tax valuation of the motel for 2009 based upon the 2010 sale price. After a hearing on the matter, the Board reduced the tax valuation of the motel to $2,500,000 commencing in 2009.

{¶3} In March of 2011, Sunstar filed another complaint ("second complaint") with the Board, challenging the tax valuation of the motel of $2,500,000 for 2010. It again based its

challenge to the valuation on the 2010 sale price. The Board determined that R.C. 5715.19(A)(2) precluded the filing of a second claim challenging the tax valuation in the same three-year interim period absent the presence of an applicable exception. The Board concluded that no exception applied, and, because 2009 and 2010 were part of the same interim period, it dismissed the second complaint.

{¶4} Pursuant to R.C. 5717.05, Sunstar appealed to the common pleas court the Board's dismissal of its second complaint. The trial court concluded that the Board correctly determined that R.C. 5715.19(A)(2) precluded the filing of the second complaint and, accordingly, that the Board properly dismissed the second complaint.

{¶5} Sunstar timely appealed from the trial court's judgment and presents two assignments of error for our review. We have re-ordered the assignments of error to facilitate our discussion.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN DETERMINING THAT THE 2010 "ARMS LENGTH SALE" SHOULD NOT BE APPLIED SIMPLY BECAUSE THE SALE ITSELF WAS RAISED IN A PRIOR CLAIM BEFORE THE BOARD OF REVISIONS.

{¶6} In its second assignment of error, Sunstar argues that, although it had raised the issue of the 2010 sale in its first complaint, the trial court erred in determining that the Board had considered the sale for purposes of R.C. 5715.19(A)(2).

{¶7} R.C. 5715.19(A)(2) provides in part:

No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances

that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

(a) The property was sold in an arm's length transaction, as described in section 5713.03 of the Revised Code;

(b) The property lost value due to some casualty;

(c) Substantial improvement was added to the property;

(d) An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property.

A complainant who files more than one complaint during the interim period bears the burden of alleging and establishing that one of the exceptions listed in R.C. 5715.19(A)(2) applies. *Colvin v. Summit Cty. Bd. of Revision*, 9th Dist. No. 26329, 2012-Ohio-5394, ¶ 7, 11.

**{¶8}** Here, the sale occurred on February 18, 2010. Sunstar's first complaint challenged the 2009 valuation based upon the 2010 sale price. Its second complaint challenged the 2010 valuation also based upon the 2010 sale price. The parties do not dispute that the applicable interim period consisted of the tax years 2008, 2009, and 2010. Further, the parties do not dispute that the sale occurred after the applicable tax lien date for 2009, which was the tax valuation year challenged in the first complaint. *See Freshwater v. Belmont Cty. Bd. of Revision*, 80 Ohio St.3d 26, 29-30 (1997) (tax lien date for any particular year is January 1). Therefore, Sunstar was precluded from filing the second complaint if the arm's length sale was "taken into consideration with respect to the [first] complaint[.]" R.C. 5715.19(A)(2).

**{¶9}** Sunstar argues that, although the 2010 sale price was raised and reviewed relative to the first complaint, the sale price was not considered for purposes of R.C. 5715.19(A)(2). In support, Sunstar cites primarily to *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 124 Ohio St.3d 27, 2009-Ohio-5932. In *Worthington* at ¶ 19, the Ohio Supreme Court reviewed whether R.C. 5715.19(A)(2) precluded a school district from filing two complaints

against the valuation of the same property in the same interim period. In each complaint, the school district had raised a sale of the property which occurred in 2003. Despite this fact, the Court determined that the R.C. 5715.19(A)(2)(a) exception applied, reasoning:

> [A]lthough the May 2003 sale formed the basis for the tax-year-2003 complaint, the [Board of Revision] set the value for 2003 without regard to the sale price because the buildings at issue were only partially completed as of January 1, 2003. Because the record shows that the construction was fully completed by January 1, 2004, and because the May 2003 sale culminated a January 2003 purchase contract that contemplated completed construction, the effect of the May 2003 sale price on value was "not taken into consideration" under the statute for tax year 2003. Thus, the complaint is permitted under the exception at R.C. 5715.19(A)(2)(a).

(Emphasis deleted.) *Worthington* at ¶ 20. Thus, R.C. 5715.19(A)(2)(a) concerns whether the board of revision took into consideration the "effect of the * * * sale price on value" in its determination of the valuation in the previous complaint. *See id*.

{¶10} Therefore, we agree with Sunstar to the extent that it maintains that "rais[ing]" the issue of a sale in a prior complaint does not conclusively establish that the Board took the sale price into consideration for purposes of R.C. 5715.19(A)(2)(a). However, Sunstar then argues that the Board could not have considered the sale here, because it utilized a different figure than that of the sale price in adjusting the 2009 tax valuation. We disagree that the Board's utilization of a figure other than that of the sale price necessitates such a conclusion.

{¶11} "[W]hen the property has been the subject of a recent arm's-length sale between a willing seller and a willing buyer, the sale price of the property shall be 'the true value for taxation purposes.'" *Berea City School Dist. Bd. of Educ. v. Cuyahoga County Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, ¶ 13, quoting R.C. 5713.03. However, the Board is not bound to utilize the sale price of the property as the tax valuation if the sale was not "recent" or if the transaction was not "at arm's length." *See Olentangy Local Schools Bd. of Edn. v. Delaware*

*Cty. Bd. of Revision*, 125 Ohio St.3d 103, 2010-Ohio-1040, ¶ 14 (party challenging the tax valuation "presents a prima facie case for using a sale price to determine value when it presents evidence of a sale that appears on its face to be recent and at arm's length"), and *Cummins Property Svcs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, ¶ 13 ("sale price is deemed to be the value of the property, and the only rebuttal lies in challenging whether the elements of recency and arm's-length character between a willing seller and a willing buyer are genuinely present for that particular sale").

{¶12} If the Board declines to adopt the sale price as the tax valuation because the sale was not "recent" to the tax lien date of the year at issue, it has not "considered" the sale for purposes of R.C. 5715.19(A)(2). *Akron Centre Plaza, L.L.C. v. Summit Cty Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, fn. 5, citing *Worthington* at ¶ 20. However, if the Board declined to adopt the sale price as the tax valuation because the sale was not truly an "arm's length transaction," then it has considered the sale for the purposes of R.C. 5715.19(A)(2). *Akron Centre* at ¶ 21.

{¶13} Here, the trial court record contains copies of documents filed, and an audio recording of the hearing held, relative to the first complaint. These documents indicate that Sunstar's first complaint requested modification of the 2009 tax valuation on the basis of the 2010 sale. During the hearing on the first complaint, Sunstar presented evidence of the sale and urged the Board to utilize the sale price as the tax valuation figure. The Board questioned Sunstar as to nature and length of the negotiations and whether appraisals had been completed in preparation for the purchase. The Board also questioned Sunstar as to the length of time between the tax lien date and the sale date. The Board then voted to reduce the valuation to $2,500,000 based on the evidence as to the "listing" price. In its decision rendered regarding the first

complaint the Board determined that "[b]ased upon the merits of the complaint and any supporting documentation presented," a decrease in valuation to $2,500,000 was warranted.

**{¶14}** Based upon the record before us, we cannot discern whether the Board's decision to adopt the listing price over the sale price as the valuation was due to issues surrounding the "recency" of the transaction or due to issues surrounding the "arm's length" nature of the transaction. However, because the Board lowered the valuation based upon the merits of the complaint, and the complaint relied upon the sale price in urging a lowered valuation, we conclude that Sunstar failed to establish that the Board did not consider the effect of the sale on the valuation for purposes of R.C. 5715.19(A)(2). *See Worthington* at ¶ 20; *see also Colvin* at ¶ 10, 11 (where "sale price could have been contemplated during the earlier complaint," and record did not establish whether the Board failed to consider the sale, complainant failed to meet his burden of establishing that the R.C. 5715.19(A)(2)(a) exception applied.)

**{¶15}** We emphasize that we make no judgment relative to the propriety of the merits of the Board's adjustment of the 2009 valuation. Arguments pertaining to that issue could have been raised in an appeal from the Board's decision in the first complaint, but were not. Instead, our review is limited to whether the Board considered the effect of the sale on the valuation when reviewing the first complaint. Sunstar failed to demonstrate that the Board did not consider the effect of the sale price on valuation in regard to the first complaint. *See Colvin* at ¶ 10-11. Therefore, the trial court did not err in its determination that Board properly dismissed the second complaint. Accordingly, Sunstar's second assignment of error is overruled.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN FAILING TO USE THE "ARMS-LENGTH SALE" IN 2010 AS THE PROPERTY VALUATION.

**{¶16}** In its first assignment of error, Sunstar argues that the trial court should have utilized the arm's length sale price as the property valuation for 2010. However, as set forth in our discussion of its second assignment of error, we concluded that the trial court did not err in affirming the Board's decision to dismiss the claim based upon its determination that the second claim was barred by statute without reaching the merits of Sunstar's argument regarding the proper valuation. Accordingly, because dismissal of the second claim was appropriate, Sunstar's first assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

**{¶17}** Sunstar's second assignment of error is overruled. Our disposition of Sunstar's second assignment of error renders its first assignment of error moot, and we decline to address it. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

BROGAN, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶18} I would affirm solely on the basis that Sunstar was precluded from filing the second complaint because the actual sale price was "taken into consideration with respect to the [first] complaint[.]" R.C. 5715.19(A)(2).

(Brogan, J., retired, of the Second District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

DAVID S. NICHOL, Attorney at Law, for Appellant.

KARRIE M. KALAIL, MICHAEL E. STINN, PETER T. ZAWADSKI, and PAUL J. DEEGAN, Attorneys at Law, for Appellee.

SHERRI BEVAN WALSH, Prosecuting Attorney, and TIMOTHY J. WALSH, Assistant Prosecuting Attorney, for Appellee.